CLOSED, JURY, TRANSFERRED, TYPE-B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:04-cv-01994-RJL

| | |
|---|---|
| TUPPER v. ELI LILLY AND COMPANY et al | Date Filed: 11/15/2004 |
| Assigned to: Judge Richard J. Leon | Jury Demand: Both |
| Demand: $11000000 | Nature of Suit: 365 Personal Inj. Prod. |
| Cause: 28:1446pl Petition for Removal - Product Liability | Liability |
| | Jurisdiction: Diversity |

**Plaintiff**

**JOANN ELLA TUPPER**
*Individually and as Personal
Representative of BEAU D'ANDREA
TUPPER, deceased, and ERNEST
TUPPER*

represented by **Aaron M. Levine**
AARON M. LEVINE & ASSOCIATES,
P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: aaronlevinelaw@aol.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ELI LILLY AND COMPANY**

represented by **James J. Dillon**
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Fax: (617) 832-7000
Email: jdillon@foleyhoag.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**BRISTOL-MYERS SQUIBB
COMPANY**
*successor to*
E.R. SQUIBB & SONS, INC.

represented by **Malcolm S. Brisker**
GOODELL, DEVRIES, LEECH &
DANN, LLP
One South Street
20th Floor
Baltimore, MD 21202
(410) 783-4049
Fax: (410) 783-4040

Email: msb@gdldlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sidney G. Leech**
GOODELL, DEVRIES, LEECH &
DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202
(410) 783-4017
Fax: (410) 783-4040
Email: sgl@gdldlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **PHARMACIA AND UPJOHN COMPANY**<br>*also known as*<br>UPJOHN COMPANY | represented by | **Elizabeth Ewert**<br>DRINKER BIDDLE LLP<br>1500 K Street, NW<br>Washington, DC 20005<br>(202) 842-8864<br>Fax: (202) 842-8465<br>Email: elizabeth.ewert@dbr.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **DART INDUSTRIES, INC.**<br>*successor to*<br>REXALL DRUG COMPANY, INC. | represented by | **John F. Anderson**<br>Troutman Sanders LLP<br>1660 International Drive<br>Suite 600<br>McLean, VA 22102<br>(703) 734-4356<br>Fax: (703) 448-6530<br>Email:<br>john.anderson@troutmansanders.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **GLAXOSMITHKLINE, INC.**<br>*successor to*<br>S.E. MASSENGILL AND<br>BURROUGHS-WELLCOME | represented by | **Daniel W. Whitney**<br>WHITNEY & BOGRIS, LLP<br>401 Washington Avenue<br>12th Floor<br>Towson, MD 21204<br>(410) 583-8022<br>Fax: (410) 583-1786<br>Email: dwhitney@whitneybogris.com<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Janet K. Coleman**
WHITNEY & BOGRIS LLP
401 Washington Avenue
12th Floor
Towson, MD 21204
(410) 583-8000
Fax: (202) 583-8031
Email: jcoleman@whitneybogris.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**PREMO PHARMACEUTICAL**              represented by   **Aaron L. Handleman**
**LABORATORIES, INC.**                                 ECCLESTON & WOLF, P.C.
                                                       2001 S Street, NW
                                                       Suite 310
                                                       Washington, DC 20009
                                                       (202) 857-1696
                                                       Fax: (202) 857-0762
                                                       Email: handleman@ewdc.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Justin Michael Flint**
                                                       ECCLESTON & WOLF
                                                       2001 S Street, NW
                                                       Suite 310
                                                       Washington, DC 20009
                                                       (202) 857-1696
                                                       Fax: (202) 857-0762
                                                       Email: flint@ewdc.com
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**LANNETT COMPANY, INC.**             represented by   **J Paul Mullen**
*A Pennsylvania Corporation*                           LORD & WHIP, P.A.
                                                       36 South Charles Street
                                                       Baltimore, MD 21201
                                                       (410) 539-5881
                                                       Fax: 410-685-6726
                                                       Email: mullen@lordwhip.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kathleen M. Bustraan**
                                                       LORD & WHIP, P.A.
                                                       36 South Charles Street
                                                       10th Floor
                                                       Baltimore, MD 21201

(410) 539-5881
Fax: (410) 685-6726
Email: bustraan@lordwhip.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**WYETH PHARMACEUTICAL, INC.**     represented by    **F. Lane Heard, III**
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
(202)434-5114
Fax: (202) 434-5124
Email: lheard@wc.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2004 | 1 | NOTICE OF REMOVAL from Superior Court for the District of Columbia by LANNETT COMPANY, INC., case number 04ca7759. ( Filing fee $ 150 ) (Attachments: # 1 Exhibit A - PART 1# 2 Exhibit A - PART 2# 3 Exhibit B# 4 Exhibit C)(jf, ) (Entered: 11/17/2004) |
| 11/15/2004 | 2 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by LANNETT COMPANY, INC.'S (jf, ) (Entered: 11/17/2004) |
| 11/17/2004 | 3 | NOTICE of Appearance by Aaron M. Levine on behalf of JOANN ELLA TUPPER (Levine, Aaron) (Entered: 11/17/2004) |
| 11/17/2004 | 4 | ANSWER to Complaint by DART INDUSTRIES, INC..(Anderson, John) (Entered: 11/17/2004) |
| 11/17/2004 | 5 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *for Dart Industries, Inc.* (Anderson, John) (Entered: 11/17/2004) |
| 11/22/2004 | 6 | ANSWER to Complaint by BRISTOL-MYERS SQUIBB COMPANY.(Leech, Sidney) (Entered: 11/22/2004) |
| 11/22/2004 | 7 | NOTICE of Appearance by Justin Michael Flint on behalf of PREMO PHARMACEUTICAL LABORATORIES, INC. (Flint, Justin) (Entered: 11/22/2004) |
| 11/22/2004 | 8 | NOTICE of Appearance by F. Lane Heard III on behalf of WYETH PHARMACEUTICAL, INC. (Heard, F.) (Entered: 11/22/2004) |
| 11/22/2004 | 9 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by WYETH PHARMACEUTICAL, INC. (Heard, F.) (Entered: 11/22/2004) |
| 11/22/2004 | 10 | NOTICE *of Consent to Removal* by WYETH PHARMACEUTICAL, INC. (Heard, F.) (Entered: 11/22/2004) |

| 11/22/2004 | 11 | *Wyeth's* ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by WYETH PHARMACEUTICAL, INC..(Heard, F.) (Entered: 11/22/2004) |
|---|---|---|
| 11/22/2004 | 12 | ORIGINAL FILE, certified copy of the transfer order and docket sheet received from Superior Court for the District of Columbia; Case Number: 04ca7759.. (jf, ) (Entered: 11/23/2004) |
| 11/23/2004 | 13 | STANDING ORDER . Signed by Judge Richard J. Leon on 11/23/04. (NM, ) (Entered: 11/23/2004) |
| 11/23/2004 | 14 | NOTICE of Appearance by Sidney G. Leech on behalf of BRISTOL-MYERS SQUIBB COMPANY (Leech, Sidney) (Entered: 11/23/2004) |
| 11/24/2004 | 15 | *Defendant's* ANSWER to Complaint by PREMO PHARMACEUTICAL LABORATORIES, INC..(Flint, Justin) (Entered: 11/24/2004) |
| 11/30/2004 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. GLAXOSMITHKLINE, INC. served on 11/17/2004, answer due 12/7/2004 (lc, ) (Entered: 12/03/2004) |
| 12/06/2004 | 17 | Consent MOTION to Transfer Case *Pursuant to 28 USC 1404(a) (PARTIAL CONSENT)* by JOANN ELLA TUPPER. (Attachments: # 1 Text of Proposed Order)(Levine, Aaron) (Entered: 12/06/2004) |
| 12/07/2004 | 18 | ANSWER to Complaint by PHARMACIA AND UPJOHN COMPANY.(Ewert, Elizabeth) (Entered: 12/07/2004) |
| 12/07/2004 | 19 | NOTICE of Appearance by Janet K. Coleman on behalf of GLAXOSMITHKLINE, INC. (Coleman, Janet) (Entered: 12/07/2004) |
| 12/07/2004 | 20 | ANSWER to Complaint by GLAXOSMITHKLINE, INC..(Coleman, Janet) (Entered: 12/07/2004) |
| 12/07/2004 | 21 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GLAXOSMITHKLINE, INC. (Coleman, Janet) (Entered: 12/07/2004) |
| 12/13/2004 | 22 | ANSWER to Complaint with Jury Demand by ELI LILLY AND COMPANY.(Dillon, James) (Entered: 12/13/2004) |
| 12/13/2004 | 23 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY (Dillon, James) (Entered: 12/13/2004) |
| 12/16/2004 | 24 | NOTICE of Appearance by Kathleen M. Bustraan on behalf of LANNETT COMPANY, INC. (Bustraan, Kathleen) (Entered: 12/16/2004) |
| 12/16/2004 | 25 | Original file, certified copy of transfer order, and docket sheet received from D.C. Superior Court: 04ca7759 (cp, ) Additional attachment(s) added on 12/21/2004 (cp, ). (Entered: 12/21/2004) |
| 12/21/2004 |  | MINUTE ORDER granting 17 Partial Consent MOTION to Transfer Case Pursuant to 28 USC 1404(a). This action shall be transferred to the United States District Court for the District of Massachusetts, at Boston, Massachusetts. Signed by Judge Richard J. Leon on 12/21/04. (lcrjl2, ) (Entered: 12/21/2004) |

| | | |
|---|---|---|
| 02/04/2005 | | Case transferred out to USDC for the District of Massachusetts (Boston Division)pursuant to Court's order filed on 12/21/04; sent to court electronically. (jf, ) (Entered: 02/04/2005) |

## PACER Service Center

### Transaction Receipt

02/08/2005 14:32:02

| PACER Login: | us2510 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:04-cv-01994-RJL |
| Billable Pages: | 3 | Cost: | 0.24 |

# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
### Civil Division

JOANN ELLA TUPPER,                          *
Individually and as Personal
Representative of BEAU D'ANDREA            *
TUPPPER, deceased, and ERNEST
TUPPER                                      *
36 Roberts Road
Ashland, MA  01721                          *

          Plaintiff                  *

     v.                                    *

ELI LILLY AND COMPANY                       *
Lilly Corporate Center
Indianaoplis, Indiania  46285               *

and                                         *

BRISTOL-MYERS SQUIBB COMPANY               *
a successor of E.R. Squibb & Sons, Inc.
P.O.Box 4500                                *
Princeton, NJ  08543
                                            *
and                                         *

PHARMACIA AND UPJOHN COMPANY               *
(AKA THE UPJOHN COMPANY)                    *
100 Route 206 North
Peapack, NJ  07977                          *

and                                         *

DART INDUSTRIES, INC., a successor         *
To REXALL DRUG COMPANY, INC.
14901 South orange blossom trail            *
Orlando, FL  32837
                                            *
and

GLAXOSMITHKLINE, INC.,                    *
A successor to S.E. Massengill and
Burroughs-Wellcome                        *
1500 K Street, NW
Washington, DC  20036                     *

and                                       *

PREMO PHARMACEUTICAL                      *
LABORATORIES, INC.
w/s/o Corporation Trust Co.               *
820 Bear Tavern Road
West Trenton, NJ  08628                   *

and                                       *

LANNETT COMPANY, INC.                     *
A Pennsylvania Corpotation
c/o Samuel Gratz, CEO                      *
9000 State Road
Philadelphia, Pennsylvania  19136         *

and                                       *

WYETH PHARMACEUTICAL, INC.                *
5 Giraldi Rarms
Madison, NJ  079940                       *

                          Defendants      *

            *    *    *    *    *    *    *

<u>**AMENDED NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §1446, Defendant, Lannett Company, Inc. ("Lannett") files this notice of removal and states:

1.    On October 8, 2004, Plaintiffs JoAnn Ella Tupper and Ernest Tupper commenced an action against Defendants in the Superior Court for the District of Columbia, Civil Division, as Civil Action No. 04-007759 ("the Superior Court

2

action"), by filing a complaint for damages.  The United States District Court for the District of Columbia is the district embracing the place where the action is pending.  Two copies of all process, pleadings, and orders on file in the Superior Court action as of the morning of November 10, 2004 are attached hereto as Exhibit A, and specifically incorporated herein.  A copy of the answer filed by Defendant, Lannett is attached hereto as Exhibit B.

2.    Defendant Lannett received service of process on October 12, 2004. Upon information and belief, Defendants Eli Lilly and Company, Bristol-Myers Squibb Company, Pharmacia and Upjohn Company, Premo Pharmaceutical Laboratories, Inc., Dart Industries, Inc., GlaxoSmithKline, Inc. and Wyeth Pharmaceutical, Inc. have not received service of process.

3.    The original notice of removal was filed within 30 days of the first date in which any Defendant to this action was served with a summons and copy of the complaint.  Consequently, the notice is timely under 28 U.S.C. §1446 (b).

4.    Based on the information obtained in the complaint, Plaintiffs JoAnn Ella Tupper and Ernest Tupper were at the time of the commencement of this action and are at the time of the filing of this notice of removal residents of the State of Massachusetts.

5.    Upon information and belief, Defendant Eli Lilly and Company was at the time of the commencement of this action is now at the time of filing the notice of removal an Indiana corporation with its principal place of business in the State of Indiana.

6.     Upon information and belief, Defendant Bristol-Myers Squibb Company was at the time of the commencement of this action and is now at the time of filing this notice of removal a Delaware corporation with its principal place of business in the State of New York.

7.     Upon information and belief, Defendant Wyeth Pharmaceutical, Inc. was at the time of the commencement of this action and is now at the time of filing this notice of removal a Delaware corporation with its principal place of business in the State of New Jersey.

8.     Upon information and belief, Defendant Pharmacia and Upjohn Company was at the time of the commencement of this action and is now at the time of filing this notice of removal a Delaware corporation with its principal place of business in the State of Florida.

9.     Upon information and belief, Defendant Dart Industries, Inc. was at the time of the commencement of this action and is now at the time of filing this notice of removal a Delaware corporation with its principal place of business in the State of Florida.

10.    Upon information and belief, GlaxoSmithKline Company sued herein as GlaxoSmithKline, Inc. a successor to S.E. Massengill and Burroughs-Wellcome, was at the time of the commencement of this action and is now at the time of filing this notice of removal a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

11.    Upon information and belief, Defendant Premo Pharmaceutical Laboratories, Inc., was at the time of the commencement of this action and is now at the time of filing this notice of removal a New Jersey corporation with its principal place of business in the State of New Jersey.

12.    Defendant Lannett was at the time of the commencement of this action and is now at the time of filing this notice of removal a Pennsylvania corporation with its principal place of business in the State of Pennsylvania.

13.    The Plaintiffs claim damages in excess of $75,000.00. Accordingly, the matter in controversy in the state action exceeds the sum of $75,000.00, exclusive of interest and costs.

14.    This Court has original jurisdiction over the civil action pursuant to 28 U.S.C. §1332, and the action is one that may be removed to this court pursuant to the provisions of 28 U.S.C. §1441(b), because it is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

15.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because no Defendant is a citizen of the District of Columbia.

16.    All Defendants who have been served with process consent to the removal of this action. The majority of the named Defendants also consent to removal of this action. Copies of consent forms for each such Defendant are attached at Exhibit C.

Respectfully submitted,


/s/_____
J. Paul Mullen (391825)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881
Attorney for Defendant,
Lannett Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  15th day of November, 2004 a copy of Lannett Company, Inc.'s Amended Notice of Removal was mailed first class, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
*Attorney for Eli Lilly and Company*

James J. Dillon, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb Company*

Aaron L. Handleman, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorney for Premo Pharmaceutical Laboratories, Inc.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for GlaxoSmithKline, Inc.*

Elizabeth L. Ewert, Esquire
Drinker Biddle & Reath LLP
1500 K Street N.W., Suite 1100
Washington, DC  20005-1208
*Attorneys for Pharmacia and Upjohn*
*Company*

*/s/*_____
J. Paul Mullen

330410

7

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

JOANN ELLA TUPPER,                                    ]
**Individually and as Personal Representative**       ]
**of BEAU D'ANDREA TUPPER, deceased, and**            ]
**ERNEST TUPPER**                                      ]
**39 Roberts Road**                                    ]
**Ashland, MA  01721**                                 ]
                                                       ]
       Plaintiffs,  ]
   v.                                     ]
                                                       ]
**ELI LILLY AND COMPANY**                              ]
**Lilly Corporate Center**                             ]
**Indianapolis, IN  46285**                            ]
**w/s/o NATIONAL REGISTERED AGENTS, INC.**             ]
**1090 Vermont Avenue, NW, #910**                      ]
**Washington, DC  20005**                              ]
                                                       ]
                                                       ]
   and                                   ]
                                                       ]
**BRISTOL-MYERS SQUIBB COMPANY**                       ]
**a successor of E.R. SQUIBB & SONS, INC.**            ]
**P.O. Box 4500**                                      ]
**Princeton, NJ  08543**                               ]
    **w/s/o  CT CORPORATION**        ]
    **1025 Vermont Avenue, N.W.**    ]
    **Washington, D.C.  20005**      ]
                                                       ]
   and                                   ]
                                                       ]
**PHARMACIA and UPJOHN COMPANY**                       ]
**(aka THE UPJOHN COMPANY)**                           ]
**100 Route 206 North**                                ]
**Peapack, NJ  07977**                                 ]
    **w/s/o  CT CORPORATION**        ]
    **1025 Vermont Avenue, N.W.**    ]
    **Washington, D.C.  20005**      ]
                                                       ]
   and                                   ]
                                                       ]
**DART INDUSTRIES, INC. a successor to**               ]
**REXALL DRUG COMPANY, INC.**                          ]
**14901 South Orange Blossom Trail**                   ]
**Orlando, FL  32837**                                 ]

FILED
CIVIL ACTIONS BRANCH

OCT 0 8 2004

Superior Court
of the District of Columbia
Washington, D.C.

04-0007759

CM

A TRUE COPY
TEST: NOV 10 2004

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

**EXHIBIT**

A

|                                                                                 |     |
|---------------------------------------------------------------------------------|-----|
| **and**                                                                         | ]   |
| **GLAXOSMITHKLINE, INC.,**                                                       | ]   |
| **a successor to S. E. Massengill and**                                         | ]   |
| **Burroughs-Wellcome**                                                           | ]   |
| **1500 K Street, NW**                                                            | ]   |
| **Washington, DC  20036**                                                        | ]   |
|                                                                                 | ]   |
| **and**                                                                          | ]   |
|                                                                                 | ]   |
| **PREMO PHARMACEUTICAL**                                                          | ]   |
| **LABORATORIES, INC.**                                                            | ]   |
| **w/s/o Corporation Trust Co.**                                                  | ]   |
| **820 Bear Tavern Road**                                                          | ]   |
| **West Trenton, NJ  08628**                                                       | ]   |
|                                                                                 | ]   |
| **and**                                                                          | ]   |
|                                                                                 | ]   |
| **LANNETT COMPANY, INC.**                                                          | ]   |
| **a Pennsylvania Corporation,**                                                  | ]   |
| **c/o Samuel Gratz, CEO**                                                         | ]   |
| **9000 State Road**                                                               | ]   |
| **Philadelphia, PA  19136**                                                        | ]   |
|                                                                                 | ]   |
| **and**                                                                          | ]   |
|                                                                                 | ]   |
| **WYETH PHARMAECUTAL, INC.**                                                       | ]   |
| **5 Giraldi Farms**                                                               | ]   |
| **Madison, NJ  07940**                                                            | ]   |
|                                                                                 | ]   |
| **Defendants.**                                                                   | ]   |

## COMPLAINT
### (DES Litigation – Products Liability, Wrongful Death,
### Survivorship, Market Share Liability, Punitive Damages and Loss of Consortium)

1.      Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.      Plaintiff, JoAnn Ella Tupper, brings this suit, Individually and as Personal

Representative of the Estate of Beau D'Andrea Tupper, her deceased child.  Plaintiff Ernest

Tupper brings this suit, Individually for loss of consortium.

3.      The cause of action arises from personal injuries received by Plaintiffs JoAnn Ella

Tupper and Beau D'Andrea Tupper, secondary to exposure to the prescription drug

Diethylstilbestrol (DES), manufactured by Defendants. Defendants are engaged or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia and sought and obtained industry wide and governmental approval for DES within the District of Columbia. The Defendants met and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES. Defendants spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

    4.    In 1967, during her pregnancy with Plaintiff JoAnn Ella Tupper, one Joan Wareing, the mother of Plaintiff JoAnn Ella Tupper, ingested DES in Massachusetts. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

    5.    The actions of Defendants in the suppression and withholding from the mother of Plaintiff JoAnn Ella Tupper and the U.S. Food and Drug Administration, reports results and information of adverse effects, injuries, contra-indications, side effects and other information tending to discredit DES as to its safety and efficacy have prevented Plaintiffs from realizing the existence of this cause of action against said Defendants until recently.

    6.    Plaintiff JoAnn Ella Tupper, the personal representative of the Estate of Beau D'Andrea Tupper, the deceased, brings this case on behalf of herself, Individually, and on behalf

of the primary beneficiaries of the Estate of Beau D'Andrea Tupper, JoAnn Ella Tupper and Ernest Tupper.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.      The above allegations are restated herein.

8.      The actions of Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

9.      As a result of the negligence of the Defendants, Plaintiff JoAnn Ella Tupper was injured, including but not limited to, malformation of the uterus and cervix, miscarriage, ectopic pregnancy, infertility, the inability to hold a pregnancy to term, resulting in the fatal demise of Plaintiff, Beau D'Andrea Tupper, with resulting pain and suffering, mental anguish, incurring of medical costs, deprivation of enjoyment of life, and inability to have a family she desired.

10.     Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.     The above allegations are restated herein.

12.     DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13.     As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff JoAnn Ella Tupper was unreasonably exposed to DES as an unborn child and has suffered injury, loss and damages as aforesaid.

14.     By reason of having marketing and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for the DES-related injuries, losses and damages as aforesaid.

## COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.     The above allegations are restated herein.

16.     At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

17.     Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff JoAnn Ella Tupper, and their attending physicians were relying on Defendants' skill and judgment and the implied and express warranties and representations.

18.     At all times relevant to this action, these implied and express warranties and representations were false, misleading and unfounded.  In fact, DES was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

19.     As a direct result of the breach of warranties by the Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

## COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.     The above allegations are restated herein.

21.    Defendants represented to pregnant women, including the Mother of Plaintiff JoAnn Ella Tupper and her attending physicians, in promotion campaigns, advertisements, labeling and literature that DES was safe, effective and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.    The mother of Plaintiff JoAnn Ella Tupper and her attending physicians did, in fact rely on Defendants' representations in its advice about purchase, use and consumption of DES.

23.    At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonably disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24.    As a direct result of the said false representations by Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

## COUNT V
### (Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    The above allegations are restated herein

26.    The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus.  The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants).  In 1967, Joan Wareing, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted.  This defect is such that the organs are not capable of

holding back, restraining or delaying pregnancy. The infant, Beau D'Andrea Tupper, was born at 23 weeks gestation, because of his mother's DES injured-birth uterus and cervix, which he shared for 23 weeks of his gestation. As a result, Beau D'Andrea Tupper was born prior to full maturity of his lungs, brain and body, resulting in his death.

27.    The actions of the Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

28.    As a result of the wrongful death of the decedent, the beneficiaries of the decedent have incurred medical and funeral bills and expenses, pecuniary losses, loss of services and support, grief, mental anguish, loss of companionship, society and love of the child, destruction of the parent-child relationship.

**COUNT VI**
**(Negligence re: Estate of Beau D'Andrea Tupper, Survivorship)**

29.    The above allegations are restated herein.

30.    The injuries to the deceased child were such that the decedent, through a next friend, could have brought this suit; however, no action was ever filed in his lifetime.

31.    As a result of the wrongful death caused by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate has incurred medical and funeral expenses and has suffered pecuniary losses and the loss of accretions.

**COUNT VII**
**(Strict Liability re: Estate of Beau D'Andrea Tupper, Wrongful Death)**.

32.    The above allegations are restated herein

33.    Prior to 1967, the date the Plaintiffs' birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

     a.    DES, as well as many other chemicals, could cross the placenta;

     b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

     c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

     d.    DES had a potent cellular effect on female reproductive organs;

     e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendants;

     f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

     g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

34.    Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1967 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

35.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

36.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES.

Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' excessive advertising campaigns proclaiming the safety and efficacy of DES.

37.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, JoAnn Ella Tupper, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

38.    Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

## COUNT VIII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)

39.    The above allegations are restated herein.

40.    The injuries to the deceased child were such that decedent could have brought this suit; however, no action was ever filed in his lifetime.

41.    As a result of the wrongful death by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate incurred medical and funeral expenses and suffered pecuniary losses and loss of accretions.

## COUNT IX
### (Loss of Consortium—Ernest Tupper)

42.    The above allegations are restated herein.

43.    Plaintiff Ernest Tupper is the husband of JoAnn Ella Tupper.  As a result of the negligence, strict liability, breach of warranty and misrepresentation of the Defendants as

aforesaid, Plaintiff Ernest Tupper has been deprived of the love, services, affection and consortium of his wife, JoAnn Ella Tupper.

### COUNT X
**(Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)**

44.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff JoAnn Ella Tupper, Individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff JoAnn Ella Tupper, as Personal Representative of the Estate of Beau D'Andrea Tupper, demands judgment against Defendants in the sum of Two Million

Dollars ($2,000,000.00), as compensatory damages and the sum of Five Million Dollars ($5,000,000.00) as punitive damages, plus costs.

**WHEREFORE**, Plaintiff Ernest Tupper, demands judgment against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00) as compensatory damages and Five Hundred Thousand Dollars ($500,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues of material facts.

Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001    Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
|---|

*Plaintiff*

**VS.**                                            Civil Action No. 04—0002759

| BRISTOL-MYERS SQUIBB COMPANY |
|---|

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|

Address

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|

Telephone

By _____
Deputy Clerk

Date _____ 10/8/04

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93      **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER | |
|---|---|

*Plaintiff*

**VS.**

Civil Action No. 04-0007759

| ELI LILLY AND COMPANY | |
|---|---|

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|
Address

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|
Telephone

By _____
Deputy Clerk

Date 10/8/04

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
|---|

*Plaintiff*

04-0007759

VS.

| LANNETT COMPANY, INC. |
|---|

*Defendant*

Civil Action No. [                    ]

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|

Address

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|

Telephone

By _____

Deputy Clerk

Date [  10/8/04  ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

JOANN ELLA TUPPER & ERNEST TUPPER
*Plaintiff*

04-0007759

**VS.**

Civil Action No.

PREMO PHARMACEUTICAL LABS., INC.
*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine

Name of Plaintiff's Attorney

By _____
Deputy Clerk

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# 𝔖𝔲𝔭𝔢𝔯𝔦𝔬𝔯 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔔𝔬𝔩𝔲𝔪𝔟𝔦𝔞
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
|---|

*Plaintiff*

**vs.**

04-0007759

Civil Action No. [            ]

| GLAXOSMITHKLINE, INC. |
|---|

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|
Address

| Washington, DC  20036 |
|---|

| (202) 833-8040 |
|---|
Telephone

By _____
Deputy Clerk

Date [   10/8/a   ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER | |
|---|---|

*Plaintiff*

04-0007759

**VS.**

Civil Action No. [          ]

| DART INDUSTRIES, INC. | |
|---|---|

*Defendant*

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|
Address

| Washington, DC  20036 |
|---|

| (202) 833-8040 |
|---|
Telephone

**By** _____
Deputy Clerk

Date [  10 | 8 | 04  ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| | |
|---|---|
| JOANN ELLA TUPPER & ERNEST TUPPER | |
| *Plaintiff* | |
| VS. | Civil Action No. |
| PHARMACIA and UPJOHN COMPANY | 04-0007759 |
| *Defendant* | |

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine | |
|---|---|
| Name of Plaintiff's Attorney | By _____ |
| 1320 19th St., NW, Suite 500 | Deputy Clerk |
| Address | |
| Washington, DC 20036 | |
| (202) 833-8040 | Date _____ |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

JOANN ELLA TUPPER & ERNEST TUPPER

*Plaintiff*

**VS.**

04-0007759

Civil Action No.

WYETH

*Defendant*

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

**By** _____

Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

04—0007759

JOANN ELLA TUPPER & ERNEST TUPPER, et al.

vs.

ELI LILLY AND COMPANY, et al.

Case Number: _____

Date: _____

*Name:*
Aaron M. Levine, Esq.

Firm Name:
Aaron M. Levine and Associates

Telephone No.: (202) 833-8040     Unified Bar No.: 7864

Relationship to Lawsuit
- ⦿ Attorney for Plaintiff
- ○ Self (Pro Se)
- Other: _____

TYPE OF CASE:  ○ Non-Jury    ⦿ 6 Person Jury    ○ 12 Person Jury

Demand: $ 11,000,000.00     Other: _____

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. _____ Judge _____ Calendar # _____

Case No. _____ Judge _____ Calendar # _____

## NATURE OF SUIT: *(Check One Box Only)*

### A. CONTRACTS
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

### B. PROPERTY TORTS
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Other:

### C. PERSONAL TORTS
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☑ 17 Personal Injury
- ☑ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95



# Superior Court of the District of Columbia
## Civil Division

Tupper, J., et. al. vs. Eli Lilly, et. al                    C.A. No. 04ca007759

## INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients <u>prior</u> to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

October 08,2004                  Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #8   (Judge Anna Blackburne-Rigsby)

Initial conference: @ 9:30am  01/14/05      Courtroom: 48, 2nd Floor
                                                              515 Indiana Ave., N.W.
                                                              Washington, D.C. 20001

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JOANN ELLA AND ERNEST TUPPER*        Civil Action No.: 04-007759

     Plaintiff            *        Calendar No. 8
                                   Judge Anna Blackburne-Rigsby

v.                           *

ELI LILLY AND COMPANY, et al.  *        Next Event: Initial Conference
                                   January 14, 2005 at 9:30 a.m.

     Defendants        *

    *     *     *     *     *     *     *

FILED
RECEIVED BY MAIL
NOV 0 ? 2004
Superior Court
of the District of Columbia D.C.

### ANSWER TO COMPLAINT

Defendant, Lannett Company, Inc. ("Lannett"), by undersigned counsel, answers the Complaint and states as follows:

### PRELIMINARY STATEMENT

Lannett states that to the extent that averments in the complaint refer generally to "defendants," Lannett answers those allegations as to itself only. Lannett denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other that Lannett. Lannett further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, Lannett states as follows:

    1.    Lannett states that the allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Lannett denies the allegations contained in paragraph 1 of the Complaint.

A TRUE COPY
TEST: NOV 1 0 2004

Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk

2.    Lannett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, but admits that it is duly authorized to conduct business in the District of Columbia.

3.    Lannett denies the allegations contained in paragraph 3 of the Complaint.

4.    Lannett denies the allegations contained in paragraph 4 of the Complaint.

5.    Lannett denies the allegations contained in paragraph 5 of the Complaint.

6.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint and therefore cannot respond.   To the extent that a response is required, the allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.    Lannett repeats and re-alleges its responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8.    Lannett denies the allegations contained in paragraph 8 of the Complaint.

9.    Lannett denies the allegations contained in paragraph 9 of the Complaint.

2

10.    Lannett denies the allegations contained in paragraph 10 of the Complaint.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.    Lannett repeats and re-alleges its responses to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.    Lannett denies the allegations contained in paragraph 12 of the Complaint.

13.    Lannett denies the allegations contained in paragraph 13 of the Complaint.

14.    Lannett denies the allegations contained in paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.    Lannett repeats and re-alleges its responses to paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.    Lannett denies the allegations contained in paragraph 16 of the Complaint.

17.    Lannett denies the allegations contained in paragraph 17 of the Complaint.

18.    Lannett denies the allegations contained in paragraph 18 of the Complaint.

3

19.    Lannett denies the allegations contained in paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.    Lannett repeats and re-alleges its responses to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.    Lannett denies the allegations contained in paragraph 21 of the Complaint.

22.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint and therefore cannot respond.   To the extent that a response is required, the allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

23.    Lannett denies the allegations contained in paragraph 23 of the Complaint.

24.    Lannett denies the allegations contained in paragraph 24 of the Complaint.

## COUNT V
### (Negligence re:  Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    Lannett repeats and re-alleges its responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of

the Complaint and therefore cannot respond. To the extent that a response is required, the allegations contained in paragraph 26 of the Plaintiffs' Complaint are denied.

27.    Lannett denies the allegations contained in paragraph 27 of the Complaint.

28.    Lannett denies the allegations contained in paragraph 28 of the Complaint.

**Count VI**
(Negligence re:  Estate of Beau D'Andrea Tupper, Survivorship)

29    Lannett repeats and re-alleges its responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.    Lannett denies the allegations contained in paragraph 30 of the Complaint.

31.    Lannett denies the allegations contained in paragraph 31 of the Complaint.

**(COUNT VII)**
(Strict Liability re:  Estate of Beau D'Andrea Tupper, Wrongful Death).

32.    Lannett repeats and re-alleges its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.    Lannett denies the allegations contained in paragraph 33 of the Complaint.

34.    Lannett denies the allegations contained in paragraph 34 of the Complaint.

5

35.    Lannett denies the allegations contained in paragraph 35 of the Complaint.

36.    Lannett denies the allegations contained in paragraph 36 of the Complaint.

37.    Lannett denies the allegations contained in paragraph 37 of the Complaint.

38.    Lannett denies the allegations contained in paragraph 38 of the Complaint.

## COUNT VIII
### (Strict Liability re:  Estate of Beau D'Andrea Tupper, Survivorship)

39.    Lannett repeats and re-alleges its responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.    Lannett denies the allegations contained in paragraph 40 of the Complaint.

41.    Lannett denies the allegations contained in paragraph 41 of the Complaint.

## COUNT IX
### (Loss of Consortium—Ernest Tupper)

42.    Lannett repeats and re-alleges its responses to paragraphs 1 through 42 of the Complaint as if fully set forth herein.

43.    Lannett denies the allegations contained in paragraph 43 of the Complaint.

6

## COUNT IX
### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.    Lannett denies the allegations contained in paragraph 44 of the
Complaint.

Lannett also raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was
a proximate cause of the injuries, damages, and losses complained of, which
negligence is a complete bar to the recovery by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of DES and
her assumption of risk is a bar to Plaintiff's recovery in this case.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother misused or abused DES, which she consumed or
ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which
is hereby denied, there was an intervening cause leading to said alleged injuries

7

and, as such, any action of the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH AFFIRMATIVE DEFENSE

This Complaint is barred in whole or in part by the application of the statute or statutes of repose.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to join a necessary party or parties without who complete relief cannot be obtained.

### TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, than this Defendant alleges that such product was in conformity with the generally

recognized state of the art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, the Plaintiff is barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' causes of action are barred by the doctrine of federal pre-emption.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food Drug & Cosmetic Act and those promulgated by the Federal Food & Drug Administration.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

J. Paul Mullen (Bar No. 391825)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881
Attorney for Defendant,
Lannett Company, Inc.

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __1st__ day of November, 2004 a copy of Lannett Company, Inc.'s Answer to Complaint was mailed first class, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
*Attorney for Eli Lilly and Company*

James J. Dillon, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb Company and Pharmacia and Upjohn Company*

Aaron L. Handleman, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorney for Premo Pharmaceutical Laboratories, Inc.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for Glaxosmithkline, Inc.*

J. Paul Mullen

329853

10

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
|---|

*Plaintiff*

VS.

Civil Action No. 04-0002759

| LANNETT COMPANY, INC. |
|---|

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed  to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue.  N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|
Address
| Washington, DC  20036 |
|---|

| (202) 833-8040 |
|---|
Telephone

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(1)-454/Mar. 93

**NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

JOANN ELLA TUPPER,                                    ]
Individually and as Personal Representative           ]
of BEAU D'ANDREA TUPPER, deceased, and                ]
ERNEST TUPPER                                         ]
39 Roberts Road                                       ]
Ashland, MA  01721                                    ]
                                                      ]
            Plaintiffs,                               ]
                                                      ]
      v.                                              ]
                                                      ]
ELI LILLY AND COMPANY                                 ]
Lilly Corporate Center                                ]
Indianapolis, IN 46285                                ]
w/s/o NATIONAL REGISTERED AGENTS, INC.                ]
1090 Vermont Avenue, NW, #910                         ]
Washington, DC  20005                                 ]
                                                      ]
                                                      ]
                                                      ]
      and                                             ]
                                                      ]
BRISTOL-MYERS SQUIBB COMPANY                          ]
a successor of E.R. SQUIBB & SONS, INC.               ]
P.O. Box 4500                                         ]
Princeton, NJ  08543                                  ]
      w/s/o  CT CORPORATION                           ]
      1025 Vermont Avenue, N.W.                       ]
      Washington, D.C.  20005                         ]
                                                      ]
      and                                             ]
                                                      ]
PHARMACIA and UPJOHN COMPANY                          ]
(aka THE UPJOHN COMPANY)                              ]
100 Route 206 North                                   ]
Peapack, NJ  07977                                    ]
      w/s/o  CT CORPORATION                           ]
      1025 Vermont Avenue, N.W.                       ]
      Washington, D.C.  20005                         ]
                                                      ]
      and                                             ]
                                                      ]
DART INDUSTRIES, INC. a successor to                  ]
REXALL DRUG COMPANY, INC.                             ]
14901 South Orange Blossom Trail                      ]
Orlando, FL  32837                                    ]

RECEIVED
Civil Clerk's Office

OCT  0 8 2004

Superior Court of the
District of Columbia
Washington, D.C.

04-0007759

and                                            ]
GLAXOSMITHKLINE, INC.,                         ]
a successor to S. E. Massengill and            ]
Burroughs-Wellcome                             ]
1500 K Street, NW                              ]
Washington, DC 20036                           ]
                                               ]
    and                                        ]
                                               ]
PREMO PHARMACEUTICAL                           ]
LABORATORIES, INC.                             ]
        w/s/o Corporation Trust Co.            ]
        820 Bear Tavern Road                   ]
        West Trenton, NJ 08628                 ]
                                               ]
    and                                        ]
                                               ]
LANNETT COMPANY, INC.                          ]
a Pennsylvania Corporation,                    ]
c/o Samuel Gratz, CEO                          ]
9000 State Road                                ]
Philadelphia, PA 19136                         ]
                                               ]
    and                                        ]
                                               ]
WYETH PHARMAECUTAL, INC.                       ]
5 Giraldi Farms                                ]
Madison, NJ 07940                              ]
                                               ]
        Defendants.                            ]

## COMPLAINT

### (DES Litigation – Products Liability, Wrongful Death, Survivorship, Market Share Liability, Punitive Damages and Loss of Consortium)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Plaintiff, JoAnn Ella Tupper, brings this suit, Individually and as Personal

Representative of the Estate of Beau D'Andrea Tupper, her deceased child. Plaintiff Ernest

Tupper brings this suit, Individually for loss of consortium.

3.    The cause of action arises from personal injuries received by Plaintiffs JoAnn Ella

Tupper and Beau D'Andrea Tupper, secondary to exposure to the prescription drug

C:\AARON\2004\Complaint\Tupper2nd-complaint.doc                    2

Diethylstilbestrol (DES), manufactured by Defendants.  Defendants are engaged or have been

engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals

throughout the United States, and are doing business in the District of Columbia and sought and

obtained industry wide and governmental approval for DES within the District of Columbia.

The Defendants met and conspired with numerous pharmaceutical manufacturers in the District

of Columbia, prior to obtaining governmental approval for DES.  Defendants spearheaded

industry-wide conferences in the District of Columbia to seek approval of DES by Joint

Submission, withholding from the Food and Drug Administration reports questioning the

efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and

agreements occurred in the District of Columbia.

   4. In 1967, during her pregnancy with Plaintiff JoAnn Ella Tupper, one Joan Wareing,

the mother of Plaintiff JoAnn Ella Tupper, ingested DES in Massachusetts.  Her physician

prescribed said drug during the pregnancy.  The Defendants, acting in concert, manufactured,

compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United

States and the State of Massachusetts.

   5. The actions of Defendants in the suppression and withholding from the mother of

Plaintiff JoAnn Ella Tupper and the U.S. Food and Drug Administration, reports results and

information of adverse effects, injuries, contra-indications, side effects and other information

tending to discredit DES as to its safety and efficacy have prevented Plaintiffs from realizing the

existence of this cause of action against said Defendants until recently.

   6. Plaintiff JoAnn Ella Tupper, the personal representative of the Estate of Beau

D'Andrea Tupper, the deceased, brings this case on behalf of herself, Individually, and on behalf

of the primary beneficiaries of the Estate of Beau D'Andrea Tupper, JoAnn Ella Tupper and

Ernest Tupper.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.    The above allegations are restated herein.

8.    The actions of Defendants in failing to test and warn regarding the efficacy and

dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical

standards of care.

9.    As a result of the negligence of the Defendants, Plaintiff JoAnn Ella Tupper was

injured, including but not limited to, malformation of the uterus and cervix, miscarriage, ectopic

pregnancy, infertility, the inability to hold a pregnancy to term, resulting in the fatal demise of

Plaintiff, Beau D'Andrea Tupper, with resulting pain and suffering, mental anguish, incurring of

medical costs, deprivation of enjoyment of life, and inability to have a family she desired.

10.    Said injuries were the result of the negligence of Defendants, including, but not

limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report

adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.    The above allegations are restated herein.

12.    DES is, and at all times relevant to this action was, an unreasonably dangerous

and defective drug when used by pregnant women for its advertised and intended purpose as a

preventative of miscarriage.

13.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff JoAnn Ella Tupper was unreasonably exposed to DES as an unborn child and has suffered injury, loss and damages as aforesaid.

14.    By reason of having marketing and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for the DES-related injuries, losses and damages as aforesaid.

### COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.    The above allegations are restated herein.

16.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

17.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff JoAnn Ella Tupper, and their attending physicians were relying on Defendants' skill and judgment and the implied and express warranties and representations.

18.    At all times relevant to this action, these implied and express warranties and representations were false, misleading and unfounded.  In fact, DES was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

19.    As a direct result of the breach of warranties by the Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

### COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.    The above allegations are restated herein.

21.    Defendants represented to pregnant women, including the Mother of Plaintiff JoAnn Ella Tupper and her attending physicians, in promotion campaigns, advertisements, labeling and literature that DES was safe, effective and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.    The mother of Plaintiff JoAnn Ella Tupper and her attending physicians did, in fact rely on Defendants' representations in its advice about purchase, use and consumption of DES.

23.    At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonably disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24.    As a direct result of the said false representations by Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

### COUNT V
### (Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    The above allegations are restated herein

26.    The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants). In 1967, Joan Wareing, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs are not capable of

holding back, restraining or delaying pregnancy. The infant, Beau D'Andrea Tupper, was born at 23 weeks gestation, because of his mother's DES injured-birth uterus and cervix, which he shared for 23 weeks of his gestation. As a result, Beau D'Andrea Tupper was born prior to full maturity of his lungs, brain and body, resulting in his death.

27.    The actions of the Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

28.    As a result of the wrongful death of the decedent, the beneficiaries of the decedent have incurred medical and funeral bills and expenses, pecuniary losses, loss of services and support, grief, mental anguish, loss of companionship, society and love of the child, destruction of the parent-child relationship.

**COUNT VI**
**(Negligence re: Estate of Beau D'Andrea Tupper, Survivorship)**

29.    The above allegations are restated herein.

30.    The injuries to the deceased child were such that the decedent, through a next friend, could have brought this suit; however, no action was ever filed in his lifetime.

31.    As a result of the wrongful death caused by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate has incurred medical and funeral expenses and has suffered pecuniary losses and the loss of accretions.

**COUNT VII**
**(Strict Liability re: Estate of Beau D'Andrea Tupper, Wrongful Death).**

32.    The above allegations are restated herein

33.    Prior to 1967, the date the Plaintiffs' birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

    a.    DES, as well as many other chemicals, could cross the placenta;

    b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

    c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

    d.    DES had a potent cellular effect on female reproductive organs;

    e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendants;

    f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

    g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

34.    Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1967 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

35.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

36.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES.

Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' excessive advertising campaigns proclaiming the safety and efficacy of DES.

37.   As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, JoAnn Ella Tupper, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

38.   Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

### COUNT VIII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)

39.   The above allegations are restated herein.

40.   The injuries to the deceased child were such that decedent could have brought this suit; however, no action was ever filed in his lifetime.

41.   As a result of the wrongful death by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate incurred medical and funeral expenses and suffered pecuniary losses and loss of accretions.

### COUNT IX
### (Loss of Consortium—Ernest Tupper)

42.   The above allegations are restated herein.

43.   Plaintiff Ernest Tupper is the husband of JoAnn Ella Tupper. As a result of the negligence, strict liability, breach of warranty and misrepresentation of the Defendants as

aforesaid, Plaintiff Ernest Tupper has been deprived of the love, services, affection and consortium of his wife, JoAnn Ella Tupper.

### COUNT X
#### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.   The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.  The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE,** Plaintiff JoAnn Ella Tupper, Individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff JoAnn Ella Tupper, as Personal Representative of the Estate of Beau D'Andrea Tupper, demands judgment against Defendants in the sum of Two Million

Dollars ($2,000,000.00), as compensatory damages and the sum of Five Million Dollars

($5,000,000.00) as punitive damages, plus costs.

    **WHEREFORE,** Plaintiff Ernest Tupper, demands judgment against Defendants in the

sum of Five Hundred Thousand Dollars ($500,000.00) as compensatory damages and Five

Hundred Thousand Dollars ($500,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues of material facts.

Aaron M. Levine

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

JOANN ELLA TUPPER,                                    ]
**Individually and as Personal Representative**      ]
**of BEAU D'ANDREA TUPPER, deceased, and**           ]
**ERNEST TUPPER**                                     ]
**39 Roberts Road**                                   ]
**Ashland, MA  01721**                                ]
                                                      ]
          Plaintiffs,                                 ]
     v.                                               ]
                                                      ]
**ELI LILLY AND COMPANY**                             ]
**Lilly Corporate Center**                            ]
**Indianapolis, IN  46285**                           ]
**w/s/o NATIONAL REGISTERED AGENTS, INC.**            ]
**1090 Vermont Avenue, NW, #910**                     ]
**Washington, DC  20005**                             ]
                                                      ]
                                                      ]
          and                                         ]
                                                      ]
**BRISTOL-MYERS SQUIBB COMPANY**                      ]
**a successor of E.R. SQUIBB & SONS, INC.**           ]
**P.O. Box 4500**                                     ]
**Princeton, NJ  08543**                              ]
          **w/s/o  CT CORPORATION**                   ]
          **1025 Vermont Avenue, N.W.**               ]
          **Washington, D.C.  20005**                 ]
                                                      ]
          and                                         ]
                                                      ]
**PHARMACIA and UPJOHN COMPANY**                      ]
**(aka THE UPJOHN COMPANY)**                          ]
**100 Route 206 North**                               ]
**Peapack, NJ  07977**                                ]
          **w/s/o  CT CORPORATION**                   ]
          **1025 Vermont Avenue, N.W.**               ]
          **Washington, D.C.  20005**                 ]
                                                      ]
          and                                         ]
                                                      ]
**DART INDUSTRIES, INC. a successor to**              ]
**REXALL DRUG COMPANY, INC.**                         ]
**14901 South Orange Blossom Trail**                  ]
**Orlando, FL  32837**                                ]

FILED
CIVIL ACTIONS BRANCH

OCT 0 8 2004

Superior Court
of the District of Columbia
Washington, D.C.

04-0007759

CM

A TRUE COPY
TEST: NOV 1 0 2004

Clerk, Superior Court of the
District of Columbia

By _____
          Deputy Clerk

EXHIBIT
A

| | |
|---|---|
| **and** | ] |
| **GLAXOSMITHKLINE, INC.,** | ] |
| **a successor to S. E. Massengill and** | ] |
| **Burroughs-Wellcome** | ] |
| **1500 K Street, NW** | ] |
| **Washington, DC  20036** | ] |
| | ] |
| **and** | ] |
| | ] |
| **PREMO PHARMACEUTICAL** | ] |
| **LABORATORIES, INC.** | ] |
| **w/s/o Corporation Trust Co.** | ] |
| **820 Bear Tavern Road** | ] |
| **West Trenton, NJ  08628** | ] |
| | ] |
| **and** | ] |
| | ] |
| **LANNETT COMPANY, INC.** | ] |
| **a Pennsylvania Corporation,** | ] |
| **c/o Samuel Gratz, CEO** | ] |
| **9000 State Road** | ] |
| **Philadelphia, PA  19136** | ] |
| | ] |
| **and** | ] |
| | ] |
| **WYETH PHARMAECUTAL, INC.** | ] |
| **5 Giraldi Farms** | ] |
| **Madison, NJ  07940** | ] |
| | ] |
| **Defendants.** | ] |

## COMPLAINT

### (DES Litigation – Products Liability, Wrongful Death,
### Survivorship, Market Share Liability, Punitive Damages and Loss of Consortium)

1.  Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.  Plaintiff, JoAnn Ella Tupper, brings this suit, Individually and as Personal

Representative of the Estate of Beau D'Andrea Tupper, her deceased child.  Plaintiff Ernest

Tupper brings this suit, Individually for loss of consortium.

3.  The cause of action arises from personal injuries received by Plaintiffs JoAnn Ella

Tupper and Beau D'Andrea Tupper, secondary to exposure to the prescription drug

Diethylstilbestrol (DES), manufactured by Defendants. Defendants are engaged or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia and sought and obtained industry wide and governmental approval for DES within the District of Columbia. The Defendants met and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES. Defendants spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

4.     In 1967, during her pregnancy with Plaintiff JoAnn Ella Tupper, one Joan Wareing, the mother of Plaintiff JoAnn Ella Tupper, ingested DES in Massachusetts. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of Massachusetts.

5.     The actions of Defendants in the suppression and withholding from the mother of Plaintiff JoAnn Ella Tupper and the U.S. Food and Drug Administration, reports results and information of adverse effects, injuries, contra-indications, side effects and other information tending to discredit DES as to its safety and efficacy have prevented Plaintiffs from realizing the existence of this cause of action against said Defendants until recently.

6.     Plaintiff JoAnn Ella Tupper, the personal representative of the Estate of Beau D'Andrea Tupper, the deceased, brings this case on behalf of herself, Individually, and on behalf

of the primary beneficiaries of the Estate of Beau D'Andrea Tupper, JoAnn Ella Tupper and Ernest Tupper.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.      The above allegations are restated herein.

8.      The actions of Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

9.      As a result of the negligence of the Defendants, Plaintiff JoAnn Ella Tupper was injured, including but not limited to, malformation of the uterus and cervix, miscarriage, ectopic pregnancy, infertility, the inability to hold a pregnancy to term, resulting in the fatal demise of Plaintiff, Beau D'Andrea Tupper, with resulting pain and suffering, mental anguish, incurring of medical costs, deprivation of enjoyment of life, and inability to have a family she desired.

10.     Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.     The above allegations are restated herein.

12.     DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13.     As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff JoAnn Ella Tupper was unreasonably exposed to DES as an unborn child and has suffered injury, loss and damages as aforesaid.

14.     By reason of having marketing and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for the DES-related injuries, losses and damages as aforesaid.

## COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.     The above allegations are restated herein.

16.     At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

17.     Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff JoAnn Ella Tupper, and their attending physicians were relying on Defendants' skill and judgment and the implied and express warranties and representations.

18.     At all times relevant to this action, these implied and express warranties and representations were false, misleading and unfounded.  In fact, DES was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

19.     As a direct result of the breach of warranties by the Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

## COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.     The above allegations are restated herein.

21.     Defendants represented to pregnant women, including the Mother of Plaintiff JoAnn Ella Tupper and her attending physicians, in promotion campaigns, advertisements, labeling and literature that DES was safe, effective and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22.     The mother of Plaintiff JoAnn Ella Tupper and her attending physicians did, in fact rely on Defendants' representations in its advice about purchase, use and consumption of DES.

23.     At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonably disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24.     As a direct result of the said false representations by Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

## COUNT V
### (Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)

25.     The above allegations are restated herein

26.     The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants). In 1967, Joan Wareing, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs are not capable of

holding back, restraining or delaying pregnancy. The infant, Beau D'Andrea Tupper, was born at 23 weeks gestation, because of his mother's DES injured-birth uterus and cervix, which he shared for 23 weeks of his gestation. As a result, Beau D'Andrea Tupper was born prior to full maturity of his lungs, brain and body, resulting in his death.

27. The actions of the Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

28. As a result of the wrongful death of the decedent, the beneficiaries of the decedent have incurred medical and funeral bills and expenses, pecuniary losses, loss of services and support, grief, mental anguish, loss of companionship, society and love of the child, destruction of the parent-child relationship.

### COUNT VI
**(Negligence re: Estate of Beau D'Andrea Tupper, Survivorship)**

29. The above allegations are restated herein.

30. The injuries to the deceased child were such that the decedent, through a next friend, could have brought this suit; however, no action was ever filed in his lifetime.

31. As a result of the wrongful death caused by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate has incurred medical and funeral expenses and has suffered pecuniary losses and the loss of accretions.

### COUNT VII
**(Strict Liability re: Estate of Beau D'Andrea Tupper, Wrongful Death).**

32. The above allegations are restated herein

33. Prior to 1967, the date the Plaintiffs' birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

     a.    DES, as well as many other chemicals, could cross the placenta;

     b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

     c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

     d.    DES had a potent cellular effect on female reproductive organs;

     e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendants;

     f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

     g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

34.    Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1967 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

35.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

36.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES.

Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' excessive advertising campaigns proclaiming the safety and efficacy of DES.

37.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, JoAnn Ella Tupper, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

38.    Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

## COUNT VIII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)

39.    The above allegations are restated herein.

40.    The injuries to the deceased child were such that decedent could have brought this suit; however, no action was ever filed in his lifetime.

41.    As a result of the wrongful death by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate incurred medical and funeral expenses and suffered pecuniary losses and loss of accretions.

## COUNT IX
### (Loss of Consortium—Ernest Tupper)

42.    The above allegations are restated herein.

43.    Plaintiff Ernest Tupper is the husband of JoAnn Ella Tupper.  As a result of the negligence, strict liability, breach of warranty and misrepresentation of the Defendants as

aforesaid, Plaintiff Ernest Tupper has been deprived of the love, services, affection and consortium of his wife, JoAnn Ella Tupper.

## COUNT X
### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff JoAnn Ella Tupper, Individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff JoAnn Ella Tupper, as Personal Representative of the Estate of Beau D'Andrea Tupper, demands judgment against Defendants in the sum of Two Million

Dollars ($2,000,000.00), as compensatory damages and the sum of Five Million Dollars ($5,000,000.00) as punitive damages, plus costs.

**WHEREFORE**, Plaintiff Ernest Tupper, demands judgment against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00) as compensatory damages and Five Hundred Thousand Dollars ($500,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

JOANN ELLA TUPPER & ERNEST TUPPER
*Plaintiff*

VS.

Civil Action No. 04—0002259

BRISTOL-MYERS SQUIBB COMPANY
*Defendant*

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address

Washington, DC 20036

(202) 833-8040
Telephone

By _____
Deputy Clerk

Date ____10/8/04____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

## CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
| --- |

*Plaintiff*

**VS.**

04-0007759

Civil Action No. [                    ]

| ELI LILLY AND COMPANY |
| --- |

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
| --- |

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
| --- |

Address

| Washington, DC 20036 |
| --- |

| (202) 833-8040 |
| --- |

Telephone

By _____
Deputy Clerk

Date [ 10/8/04 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

---

JOANN ELLA TUPPER & ERNEST TUPPER

*Plaintiff*

VS.

04-0007759

Civil Action No.

---

LANNETT COMPANY, INC.

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

---

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC  20036

(202) 833-8040

Telephone

By _____
Deputy Clerk

Date   10/8/04

---

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
|---|

*Plaintiff*

04-0007759

**VS.**

Civil Action No. [                    ]

| PREMO PHARMACEUTICAL LABS., INC. |
|---|

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|

Address

| Washington, DC  20036 |
|---|

| (202) 833-8040 |
|---|

Telephone

By _____
Deputy Clerk

Date [    10/8/04    ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

---

| JOANN ELLA TUPPER & ERNEST TUPPER |
*Plaintiff*

**VS.**

| GLAXOSMITHKLINE, INC. |
*Defendant*

04-0007759

Civil Action No. [                    ]

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
Address

| Washington, DC 20036 |

| (202) 833-8040 |
Telephone

**By** _____
Deputy Clerk

Date [ 10 | 8 | 04 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

JOANN ELLA TUPPER & ERNEST TUPPER

*Plaintiff*

VS.

DART INDUSTRIES, INC.

*Defendant*

06-0007759

Civil Action No.

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine

Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500

Address

Washington, DC 20036

(202) 833-8040

Telephone

By _____

Deputy Clerk

Date | 10 8 04 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER | |
|---|---|

*Plaintiff*

VS.

04-0007759

| PHARMACIA and UPJOHN COMPANY | |
|---|---|

*Defendant*

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|
Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|
Address

| Washington, DC  20036 |
|---|

| (202) 833-8040 |
|---|
Telephone

By _____
Deputy Clerk

Date [ 10 8 04 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| JOANN ELLA TUPPER & ERNEST TUPPER |
|---|

*Plaintiff*

**VS.**

04-0007759

Civil Action No.

| WYETH |
|---|

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|

Address

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|

Telephone

**By** _____
Deputy Clerk

Date | 10/8/04 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

# Superior Court of the District of Columbia
## CIVIL  DIVISION — CIVIL  ACTIONS  BRANCH

## INFORMATION  SHEET

| | |
|---|---|
| JOANN ELLA TUPPER & ERNEST TUPPER, et al. | Case Number: _____ |
| vs. | |
| ELI LILLY AND COMPANY, et al. | Date: _____ |

04-0007759

*Name:*
Aaron M. Levine, Esq.

Firm Name:
Aaron M. Levine and Associates

Telephone No.: (202) 833-8040    Unified Bar No.: 7864

Relationship  to  Lawsuit

◉ Attorney  for  Plaintiff
○ Self (Pro Se)
Other: _____

TYPE OF CASE:  ○ Non-Jury    ◉ 6 Person Jury    ○ 12 Person Jury

Demand: $ 11,000,000.00    Other: _____

## PENDING  CASE(S)  RELATED  TO  THE  ACTION  BEING  FILED

Case No. _____ Judge _____ Calendar # _____
Case No. _____ Judge _____ Calendar # _____

## NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION  CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☑ 17 Personal Injury
- ☑ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95



### Superior Court of the District of Columbia
### Civil Division

Tupper, J., et. al. vs. Eli Lilly, et. al         C.A. No. 04ca007759

### INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1)  Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2)  Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3)  Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4)  At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients <u>prior</u> to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5)  Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

October 08,2004           Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #8   (Judge Anna Blackburne-Rigsby)

Initial conference: @ 9:30am  01/14/05     Courtroom: 48, 2nd Floor
                                           515 Indiana Ave., N.W.
                                           Washington, D.C. 20001

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JOANN ELLA AND ERNEST TUPPER*

      Plaintiff            *

v.                        *

ELI LILLY AND COMPANY, et al.   *

      Defendants       

\*    \*    \*    \*    \*    \*    \*

Civil Action No.: 04-007759

Calendar No. 8
Judge Anna Blackburne-Rigsby

Next Event: Initial Conference
January 14, 2005 at 9:30 a.m.

FILED
RECEIVED BY MAIL

NOV 0 ~ 2004

Superior Court
of the District of Columbia
~n, D.C.

### ANSWER TO COMPLAINT

Defendant, Lannett Company, Inc. ("Lannett"), by undersigned counsel, answers the Complaint and states as follows:

### PRELIMINARY STATEMENT

Lannett states that to the extent that averments in the complaint refer generally to "defendants," Lannett answers those allegations as to itself only. Lannett denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other that Lannett. Lannett further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, Lannett states as follows:

1.    Lannett states that the allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Lannett denies the allegations contained in paragraph 1 of the Complaint.

A TRUE COPY
TEST: NOV 1 0 2004

Clerk, Superior Court of the
District of Columbia

By _____
              Deputy Clerk

2.    Lannett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, but admits that it is duly authorized to conduct business in the District of Columbia.

3.    Lannett denies the allegations contained in paragraph 3 of the Complaint.

4.    Lannett denies the allegations contained in paragraph 4 of the Complaint.

5.    Lannett denies the allegations contained in paragraph 5 of the Complaint.

6.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint and therefore cannot respond.   To the extent that a response is required, the allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.    Lannett repeats and re-alleges its responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8.    Lannett denies the allegations contained in paragraph 8 of the Complaint.

9.    Lannett denies the allegations contained in paragraph 9 of the Complaint.

2

10.    Lannett denies the allegations contained in paragraph 10 of the Complaint.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.    Lannett repeats and re-alleges its responses to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.    Lannett denies the allegations contained in paragraph 12 of the Complaint.

13.    Lannett denies the allegations contained in paragraph 13 of the Complaint.

14.    Lannett denies the allegations contained in paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.    Lannett repeats and re-alleges its responses to paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.    Lannett denies the allegations contained in paragraph 16 of the Complaint.

17.    Lannett denies the allegations contained in paragraph 17 of the Complaint.

18.    Lannett denies the allegations contained in paragraph 18 of the Complaint.

3

19.    Lannett denies the allegations contained in paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.    Lannett repeats and re-alleges its responses to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.    Lannett denies the allegations contained in paragraph 21 of the Complaint.

22.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint and therefore cannot respond.    To the extent that a response is required, the allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

23.    Lannett denies the allegations contained in paragraph 23 of the Complaint.

24.    Lannett denies the allegations contained in paragraph 24 of the Complaint.

## COUNT V
### (Negligence re:  Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    Lannett repeats and re-alleges its responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of

the Complaint and therefore cannot respond. To the extent that a response is required, the allegations contained in paragraph 26 of the Plaintiffs' Complaint are denied.

27.    Lannett denies the allegations contained in paragraph 27 of the Complaint.

28.    Lannett denies the allegations contained in paragraph 28 of the Complaint.

### Count VI
### (Negligence re:  Estate of Beau D'Andrea Tupper, Survivorship)

29    Lannett repeats and re-alleges its responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.    Lannett denies the allegations contained in paragraph 30 of the Complaint.

31.    Lannett denies the allegations contained in paragraph 31 of the Complaint.

### (COUNT VII)
### (Strict Liability re:  Estate of Beau D'Andrea Tupper, Wrongful Death).

32.    Lannett repeats and re-alleges its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.    Lannett denies the allegations contained in paragraph 33 of the Complaint.

34.    Lannett denies the allegations contained in paragraph 34 of the Complaint.

35.    Lannett denies the allegations contained in paragraph 35 of the Complaint.

36.    Lannett denies the allegations contained in paragraph 36 of the Complaint.

37.    Lannett denies the allegations contained in paragraph 37 of the Complaint.

38.    Lannett denies the allegations contained in paragraph 38 of the Complaint.

## COUNT VIII
### (Strict Liability re:  Estate of Beau D'Andrea Tupper, Survivorship)

39.    Lannett repeats and re-alleges its responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.    Lannett denies the allegations contained in paragraph 40 of the Complaint.

41.    Lannett denies the allegations contained in paragraph 41 of the Complaint.

## COUNT IX
### (Loss of Consortium—Ernest Tupper)

42.    Lannett repeats and re-alleges its responses to paragraphs 1 through 42 of the Complaint as if fully set forth herein.

43.    Lannett denies the allegations contained in paragraph 43 of the Complaint.

## COUNT IX
### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.    Lannett denies the allegations contained in paragraph 44 of the

Complaint.

Lannett also raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was

a proximate cause of the injuries, damages, and losses complained of, which

negligence is a complete bar to the recovery by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of DES and

her assumption of risk is a bar to Plaintiff's recovery in this case.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother misused or abused DES, which she consumed or

ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which

is hereby denied, there was an intervening cause leading to said alleged injuries

and, as such, any action of the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH AFFIRMATIVE DEFENSE

This Complaint is barred in whole or in part by the application of the statute or statutes of repose.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to join a necessary party or parties without who complete relief cannot be obtained.

### TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, than this Defendant alleges that such product was in conformity with the generally

8

recognized state of the art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, the Plaintiff is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' causes of action are barred by the doctrine of federal pre-emption.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food Drug & Cosmetic Act and those promulgated by the Federal Food & Drug Administration.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.


J. Paul Mullen (Bar No. 391825)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881
Attorney for Defendant,
Lannett Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __1st__ day of November, 2004 a copy of Lannett Company, Inc.'s Answer to Complaint was mailed first class, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
*Attorney for Eli Lilly and Company*

James J. Dillon, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb
Company and Pharmacia and Upjohn
Company*

Aaron L. Handleman, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorney for Premo Pharmaceutical
Laboratories, Inc.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for Glaxosmithkline, Inc.*

J. Paul Mullen

329853

10

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

JOANN ELLA TUPPER & ERNEST TUPPER
                                    *Plaintiff*

VS.

LANNETT COMPANY, INC.
                                    *Defendant*

Civil Action No. 04-0002759

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address

Washington, DC 20036

(202) 833-8040
Telephone

By     _____
        Deputy Clerk

Date     10/8/04

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(0)-456/Mar. 93

    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

JOANN ELLA TUPPER,                              ]
Individually and as Personal Representative    ]
of BEAU D'ANDREA TUPPER, deceased, and         ]
ERNEST TUPPER                                   ]
39 Roberts Road                                 ]
Ashland, MA  01721                              ]
                                                ]
          Plaintiffs,                           ]
      v.                                        ]
                                                ]
ELI LILLY AND COMPANY                           ]
Lilly Corporate Center                          ]
Indianapolis, IN  46285                         ]
w/s/o NATIONAL REGISTERED AGENTS, INC.          ]
1090 Vermont Avenue, NW, #910                   ]
Washington, DC  20005                           ]
                                                ]
                                                ]
          and                                   ]
                                                ]
BRISTOL-MYERS SQUIBB COMPANY                     ]
a successor of E.R. SQUIBB & SONS, INC.         ]
P.O. Box 4500                                   ]
Princeton, NJ  08543                            ]
          w/s/o  CT CORPORATION                 ]
          1025 Vermont Avenue, N.W.             ]
          Washington, D.C.  20005               ]
                                                ]
          and                                   ]
                                                ]
PHARMACIA and UPJOHN COMPANY                    ]
(aka THE UPJOHN COMPANY)                        ]
100 Route 206 North                             ]
Peapack, NJ  07977                              ]
          w/s/o  CT CORPORATION                 ]
          1025 Vermont Avenue, N.W.             ]
          Washington, D.C.  20005               ]
                                                ]
          and                                   ]
                                                ]
DART INDUSTRIES, INC. a successor to            ]
REXALL DRUG COMPANY, INC.                       ]
14901 South Orange Blossom Trail                ]
Orlando, FL  32837                              ]

RECEIVED
Civil Clerk's Office

OCT 0 8 2004

Superior Court of the
District of Columbia
Washington, D.C.

04—0007759

and                                      ]
GLAXOSMITHKLINE, INC.,                   ]
a successor to S. E. Massengill and      ]
Burroughs-Wellcome                       ]
1500 K Street, NW                        ]
Washington, DC 20036                     ]
                                         ]
                                         ]
and                                      ]
                                         ]
PREMO PHARMACEUTICAL                     ]
LABORATORIES, INC.                       ]
          w/s/o Corporation Trust Co.    ]
          820 Bear Tavern Road           ]
          West Trenton, NJ 08628         ]
                                         ]
                                         ]
and                                      ]
                                         ]
LANNETT COMPANY, INC.                    ]
a Pennsylvania Corporation,              ]
c/o Samuel Gratz, CEO                    ]
9000 State Road                          ]
Philadelphia, PA 19136                   ]
                                         ]
                                         ]
and                                      ]
                                         ]
WYETH PHARMAECUTAL, INC.                 ]
5 Giraldi Farms                          ]
Madison, NJ 07940                        ]
                                         ]
          Defendants.                    ]

## COMPLAINT
### (DES Litigation – Products Liability, Wrongful Death,
### Survivorship, Market Share Liability, Punitive Damages and Loss of Consortium)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Plaintiff, JoAnn Ella Tupper, brings this suit, Individually and as Personal

Representative of the Estate of Beau D'Andrea Tupper, her deceased child.  Plaintiff Ernest

Tupper brings this suit, Individually for loss of consortium.

3.    The cause of action arises from personal injuries received by Plaintiffs JoAnn Ella

Tupper and Beau D'Andrea Tupper, secondary to exposure to the prescription drug

Diethylstilbestrol (DES), manufactured by Defendants. Defendants are engaged or have been

engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals

throughout the United States, and are doing business in the District of Columbia and sought and

obtained industry wide and governmental approval for DES within the District of Columbia.

The Defendants met and conspired with numerous pharmaceutical manufacturers in the District

of Columbia, prior to obtaining governmental approval for DES. Defendants spearheaded

industry-wide conferences in the District of Columbia to seek approval of DES by Joint

Submission, withholding from the Food and Drug Administration reports questioning the

efficacy of DES and studies raising serious questions of safety. These meetings, conferences and

agreements occurred in the District of Columbia.

    4.    In 1967, during her pregnancy with Plaintiff JoAnn Ella Tupper, one Joan Wareing,

the mother of Plaintiff JoAnn Ella Tupper, ingested DES in Massachusetts. Her physician

prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured,

compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United

States and the State of Massachusetts.

    5.    The actions of Defendants in the suppression and withholding from the mother of

Plaintiff JoAnn Ella Tupper and the U.S. Food and Drug Administration, reports results and

information of adverse effects, injuries, contra-indications, side effects and other information

tending to discredit DES as to its safety and efficacy have prevented Plaintiffs from realizing the

existence of this cause of action against said Defendants until recently.

    6.    Plaintiff JoAnn Ella Tupper, the personal representative of the Estate of Beau

D'Andrea Tupper, the deceased, brings this case on behalf of herself, Individually, and on behalf

of the primary beneficiaries of the Estate of Beau D'Andrea Tupper, JoAnn Ella Tupper and Ernest Tupper.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.    The above allegations are restated herein.

8.    The actions of Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

9.    As a result of the negligence of the Defendants, Plaintiff JoAnn Ella Tupper was injured, including but not limited to, malformation of the uterus and cervix, miscarriage, ectopic pregnancy, infertility, the inability to hold a pregnancy to term, resulting in the fatal demise of Plaintiff, Beau D'Andrea Tupper, with resulting pain and suffering, mental anguish, incurring of medical costs, deprivation of enjoyment of life, and inability to have a family she desired.

10.   Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.   The above allegations are restated herein.

12.   DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff JoAnn Ella Tupper was unreasonably exposed to DES as an unborn child and has suffered injury, loss and damages as aforesaid.

14.    By reason of having marketing and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for the DES-related injuries, losses and damages as aforesaid.

**COUNT III**
**(Breach of Warranty—JoAnn Ella Tupper)**

15.    The above allegations are restated herein.

16.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative and was safe for pregnant women and their unborn children if used as directed for that purpose.

17.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff JoAnn Ella Tupper, and their attending physicians were relying on Defendants' skill and judgment and the implied and express warranties and representations.

18.    At all times relevant to this action, these implied and express warranties and representations were false, misleading and unfounded. In fact, DES was a misbranded drug in violation of federal law and was neither safe nor efficacious as a miscarriage preventative.

19.    As a direct result of the breach of warranties by the Defendants, Plaintiff JoAnn Ella Tupper was injured as aforesaid.

**COUNT IV**
**(Misrepresentation—JoAnn Ella Tupper)**

20.    The above allegations are restated herein.

21.    Defendants represented to pregnant women, including the Mother of Plaintiff

JoAnn Ella Tupper and her attending physicians, in promotion campaigns, advertisements,

labeling and literature that DES was safe, effective and adequately tested, which representations

were made and publicized with the purpose and intent of having physicians and their patients

rely on them.

22.    The mother of Plaintiff JoAnn Ella Tupper and her attending physicians did, in

fact rely on Defendants' representations in its advice about purchase, use and consumption of

DES.

23.    At all times relevant to this action, these representations were known to

Defendants to be false or they were made by Defendants in conscious, reckless and/or

unreasonably disregard of facts available to Defendants, indicating a lack of efficacy and a

danger to pregnant women and their unborn children.

24.    As a direct result of the said false representations by Defendants, Plaintiff JoAnn

Ella Tupper was injured as aforesaid.

### COUNT V
### (Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    The above allegations are restated herein

26.    The drug DES is a transplacental teratogen capable of crossing the placenta and

entering the blood stream of the developing fetus. The reproductive tract of the developing

female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted,

manufactured, sold and distributed by Defendants). In 1967, Joan Wareing, the minor Plaintiff's

grandmother, ingested DES, which caused her daughter's developing reproductive tract to

become deformed, marred and stunted. This defect is such that the organs are not capable of

holding back, restraining or delaying pregnancy. The infant, Beau D'Andrea Tupper, was born at 23 weeks gestation, because of his mother's DES injured-birth uterus and cervix, which he shared for 23 weeks of his gestation. As a result, Beau D'Andrea Tupper was born prior to full maturity of his lungs, brain and body, resulting in his death.

27.    The actions of the Defendants in failing to test and warn regarding the efficacy and dangers of DES were negligent and a departure from reasonable and prudent pharmaceutical standards of care.

28.    As a result of the wrongful death of the decedent, the beneficiaries of the decedent have incurred medical and funeral bills and expenses, pecuniary losses, loss of services and support, grief, mental anguish, loss of companionship, society and love of the child, destruction of the parent-child relationship.

## COUNT VI
### (Negligence re: Estate of Beau D'Andrea Tupper, Survivorship)

29.    The above allegations are restated herein.

30.    The injuries to the deceased child were such that the decedent, through a next friend, could have brought this suit; however, no action was ever filed in his lifetime.

31.    As a result of the wrongful death caused by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate has incurred medical and funeral expenses and has suffered pecuniary losses and the loss of accretions.

## COUNT VII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Wrongful Death).

32.    The above allegations are restated herein

33.    Prior to 1967, the date the Plaintiffs' birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

     a.    DES, as well as many other chemicals, could cross the placenta;

     b.    DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

     c.    DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

     d.    DES had a potent cellular effect on female reproductive organs;

     e.    DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendants;

     f.    DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

     g.    raised questions about the toxicity of DES to the developing fetal female reproductive organs.

34.    Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1967 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

35.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

36.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES.

Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' excessive advertising campaigns proclaiming the safety and efficacy of DES.

37.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, JoAnn Ella Tupper, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

38.    Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

### COUNT VIII
**(Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)**

39.    The above allegations are restated herein.

40.    The injuries to the deceased child were such that decedent could have brought this suit; however, no action was ever filed in his lifetime.

41.    As a result of the wrongful death by Defendants as aforesaid, Plaintiff's decedent suffered conscious pain and suffering of the mind and body, his estate incurred medical and funeral expenses and suffered pecuniary losses and loss of accretions.

### COUNT IX
**(Loss of Consortium—Ernest Tupper)**

42.    The above allegations are restated herein.

43.    Plaintiff Ernest Tupper is the husband of JoAnn Ella Tupper. As a result of the negligence, strict liability, breach of warranty and misrepresentation of the Defendants as

aforesaid, Plaintiff Ernest Tupper has been deprived of the love, services, affection and consortium of his wife, JoAnn Ella Tupper.

### COUNT X
### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff JoAnn Ella Tupper, Individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

WHEREFORE, Plaintiff JoAnn Ella Tupper, as Personal Representative of the Estate of Beau D'Andrea Tupper, demands judgment against Defendants in the sum of Two Million

Dollars ($2,000,000.00), as compensatory damages and the sum of Five Million Dollars

($5,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Ernest Tupper, demands judgment against Defendants in the

sum of Five Hundred Thousand Dollars ($500,000.00) as compensatory damages and Five

Hundred Thousand Dollars ($500,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues of material facts.

Aaron M. Levine

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JOANN ELLA AND ERNEST TUPPER*  Civil Action No.: 04-007759

  Plaintiff      *  Calendar No. 8
              Judge Anna Blackburne-Rigsby

v.            *

              Next Event: Initial Conference
ELI LILLY AND COMPANY, et al. * January 14, 2005 at 9:30 a.m.

  Defendants

   *  *  *  *  *  *  *

### ANSWER TO COMPLAINT

FILED
RECEIVED BY MAIL
NOV 0 _ 2004
Superior Court
of the ~~~~ of Columbia
~~~ D.C.

Defendant, Lannett Company, Inc. ("Lannett"), by undersigned counsel, answers the Complaint and states as follows:

### PRELIMINARY STATEMENT

Lannett states that to the extent that averments in the complaint refer generally to "defendants," Lannett answers those allegations as to itself only. Lannett denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other that Lannett. Lannett further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, Lannett states as follows:

  1.  Lannett states that the allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Lannett denies the allegations contained in paragraph 1 of the Complaint.

A TRUE COPY
TEST: NOV 1 0 2004

Clerk, Superior Court of the
District of Columbia
By _____
Deputy Clerk

EXHIBIT
B

2.    Lannett lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, but admits that it is duly authorized to conduct business in the District of Columbia.

3.    Lannett denies the allegations contained in paragraph 3 of the Complaint.

4.    Lannett denies the allegations contained in paragraph 4 of the Complaint.

5.    Lannett denies the allegations contained in paragraph 5 of the Complaint.

6.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint and therefore cannot respond.  To the extent that a response is required, the allegations contained in paragraph 6 of the Plaintiffs' Complaint are denied.

### COUNT I
#### (Negligence—JoAnn Ella Tupper)

7.    Lannett repeats and re-alleges its responses to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8.    Lannett denies the allegations contained in paragraph 8 of the Complaint.

9.    Lannett denies the allegations contained in paragraph 9 of the Complaint.

10.    Lannett denies the allegations contained in paragraph 10 of the Complaint.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.    Lannett repeats and re-alleges its responses to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12.    Lannett denies the allegations contained in paragraph 12 of the Complaint.

13.    Lannett denies the allegations contained in paragraph 13 of the Complaint.

14.    Lannett denies the allegations contained in paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.    Lannett repeats and re-alleges its responses to paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16.    Lannett denies the allegations contained in paragraph 16 of the Complaint.

17.    Lannett denies the allegations contained in paragraph 17 of the Complaint.

18.    Lannett denies the allegations contained in paragraph 18 of the Complaint.

19.    Lannett denies the allegations contained in paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.    Lannett repeats and re-alleges its responses to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.    Lannett denies the allegations contained in paragraph 21 of the Complaint.

22.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint and therefore cannot respond.    To the extent that a response is required, the allegations contained in paragraph 22 of the Plaintiffs' Complaint are denied.

23.    Lannett denies the allegations contained in paragraph 23 of the Complaint.

24.    Lannett denies the allegations contained in paragraph 24 of the Complaint.

## COUNT V
### (Negligence re:  Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    Lannett repeats and re-alleges its responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    Lannett states that it lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of

the Complaint and therefore cannot respond.  To the extent that a response is required, the allegations contained in paragraph 26 of the Plaintiffs' Complaint are denied.

27.    Lannett denies the allegations contained in paragraph 27 of the Complaint.

28.    Lannett denies the allegations contained in paragraph 28 of the Complaint.

## Count VI
### (Negligence re:  Estate of Beau D'Andrea Tupper, Survivorship)

29    Lannett repeats and re-alleges its responses to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30.    Lannett denies the allegations contained in paragraph 30 of the Complaint.

31.    Lannett denies the allegations contained in paragraph 31 of the Complaint.

## (COUNT VII)
### (Strict Liability re:  Estate of Beau D'Andrea Tupper, Wrongful Death).

32.    Lannett repeats and re-alleges its responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.    Lannett denies the allegations contained in paragraph 33 of the Complaint.

34.    Lannett denies the allegations contained in paragraph 34 of the Complaint.

35.    Lannett denies the allegations contained in paragraph 35 of the Complaint.

36.    Lannett denies the allegations contained in paragraph 36 of the Complaint.

37.    Lannett denies the allegations contained in paragraph 37 of the Complaint.

38.    Lannett denies the allegations contained in paragraph 38 of the Complaint.

## COUNT VIII
### (Strict Liability re:  Estate of Beau D'Andrea Tupper, Survivorship)

39.    Lannett repeats and re-alleges its responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.    Lannett denies the allegations contained in paragraph 40 of the Complaint.

41.    Lannett denies the allegations contained in paragraph 41 of the Complaint.

## COUNT IX
### (Loss of Consortium—Ernest Tupper)

42.    Lannett repeats and re-alleges its responses to paragraphs 1 through 42 of the Complaint as if fully set forth herein.

43.    Lannett denies the allegations contained in paragraph 43 of the Complaint.

## COUNT IX
### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.    Lannett denies the allegations contained in paragraph 44 of the Complaint.

Lannett also raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages, and losses complained of, which negligence is a complete bar to the recovery by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of DES and her assumption of risk is a bar to Plaintiff's recovery in this case.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby denied, there was an intervening cause leading to said alleged injuries

and, as such, any action of the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH AFFIRMATIVE DEFENSE

This Complaint is barred in whole or in part by the application of the statute or statutes of repose.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to join a necessary party or parties without who complete relief cannot be obtained.

## TENTH AFFIRMATIVE DEFENSE

If the product was unsafe, then it was unavoidably unsafe.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, than this Defendant alleges that such product was in conformity with the generally

recognized state of the art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, the Plaintiff is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

All of the Plaintiffs' causes of action are barred by the doctrine of federal pre-emption.

### FIFTEENTH AFFIRMATIVE DEFENSE

At all applicable times, the Defendant fully complied with applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food Drug & Cosmetic Act and those promulgated by the Federal Food & Drug Administration.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate the Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

J. Paul Mullen (Bar No. 391825)
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, Maryland 21201
(410) 539-5881
Attorney for Defendant,
Lannett Company, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __1st__ day of November, 2004 a copy of Lannett Company, Inc.'s Answer to Complaint was mailed first class, postage prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

James J. Dillon, Esquire
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
*Attorney for Eli Lilly and Company*

Aaron L. Handleman, Esquire
Eccleston & Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorney for Premo Pharmaceutical
Laboratories, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorney for Glaxosmithkline, Inc.*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Malcolm S. Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb
Company and Pharmacia and Upjohn
Company*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
*Attorney for Dart Industries, Inc.*

J. Paul Mullen

329853

10

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JOANN ELLA AND ERNEST TUPPER*    Civil Action No.: 04-007759

    Plaintiff             *    Calendar No. 8
                               Judge Anna Blackburne-Rigsby

v.                    *

                               Next Event: Initial Conference

ELI LILLY AND COMPANY, et al.   *    January 14, 2005 at 9:30 a.m.

    Defendants         *

     *   *   *   *   *   *   *

### CONSENT TO REMOVAL

Lannett Company, Inc. acting through its attorneys, J. Paul Mullen and Lord & Whip, P.A., hereby consents to the removal of the above captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

                    Respectfully submitted,

                    *J. Paul Mullen*

                    J. Paul Mullen (391825)
                    Lord & Whip, P.A.
                    Charles Center South
                    36 South Charles Street, 10th Floor
                    Baltimore, MD  21201
                    410-539-5881
                    *Attorneys for Lannett Company, Inc.*

330528



EXHIBIT
C

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

JOANN ELLA AND ERNEST TUPPER*          Civil Action No.: 04-007759

    Plaintiff                          *          Calendar No. 8
                                                 Judge Anna Blackburne-Rigsby
v.                                        *
                                                 Next Event: Initial Conference
ELI LILLY AND COMPANY, et al.             *          January 14, 2005 at 9:30 a.m.

    Defendants                         *

      *    *    *    *    *    *    *

**CONSENT TO REMOVAL**

GlaxoSmithKline, acting through its attorneys, Daniel W. Whitney, Esquire and Whitney & Bogris, LLP hereby consents to the removal of the above captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

Daniel W. Whitney, Esquire (438668)
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
410-583-8000
*Attorney for GlaxoSmithKline, Inc.*

330521

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

JOANN ELLA AND ERNEST TUPPER*      Civil Action No.: 04-007759

    Plaintiff                               \*      Calendar No. 8
                                        Judge Anna Blackburne-Rigsby

v.                                      \*

                                    Next Event: Initial Conference
ELI LILLY AND COMPANY, et al.      \*      January 14, 2005 at 9:30 a.m.

    Defendants                             \*

      \*     \*     \*     \*     \*     \*     \*

**CONSENT TO REMOVAL**

Eli Lilly and Company, acting through its attorneys, James J. Dillon and Foley Hoag, LLP, hereby consents to the removal of the above captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

                  Respectfully submitted,

                  *James J. Dillon*

                  James J. Dillon, Esquire (485593)
                  Foley Hoag, LLP
                  155 Seaport Boulevard
                  Boston, Massachusetts 02210
                  617-832-1000
                  *Counsel for Eli Lilly & Company*

330520

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

JOANN ELLA AND ERNEST TUPPER&ast;          Civil Action No.: 04-007759

    Plaintiff                              &ast;          Calendar No. 8
                                                            Judge Anna Blackburne-Rigsby
v.                                         &ast;
                                                            Next Event: Initial Conference
ELI LILLY AND COMPANY, et al.              &ast;          January 14, 2005 at 9:30 a.m.

    Defendants                             &ast;

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

**CONSENT TO REMOVAL**

Dart Industries, Inc. acting through its attorneys, John F. Anderson and Troutman Sanders LLP hereby consents to the removal of the above captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

_John F. Anderson_

John F. Anderson, Esquire (393764)
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
703-734-4356
*Attorney for Dart Industries, Inc.*

330523

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

JOANN ELLA AND ERNEST TUPPER*          Civil Action No.: 04-007759

      Plaintiff                    *          Calendar No. 8
                                                  Judge Anna Blackburne-Rigsby
v.                                      *
                                                  Next Event: Initial Conference
ELI LILLY AND COMPANY, et al.           *          January 14, 2005 at 9:30 a.m.

      Defendants                    *

      *     *     *     *     *     *     *

**CONSENT TO REMOVAL**

Premo Pharmaceutical Laboratories, Inc., acting through its attorneys, Aaron L. Handleman and Eccleston & Wolf, P.C., hereby consents to the removal of the above captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

      Respectfully submitted,

      *Aaron L. Handleman*

      Aaron L. Handleman (48728)
      Eccleston & Wolf, P.C.
      2001 S Street, N.W., Suite 310
      Washington, D.C. 20009
      202-857-1696
      *Attorneys for Premo Pharmaceutical*
      *Laboratories, Inc.*

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

JOANN ELLA AND ERNEST TUPPER*       Civil Action No.: 04-007759

     Plaintiff          *       Calendar No. 8
                                    Judge Anna Blackburne-Rigsby

v.                       *
                                 Next Event: Initial Conference

ELI LILLY AND COMPANY, et al.   *       January 14, 2005 at 9:30 a.m.

     Defendants         *

     *    *    *    *    *    *    *

### CONSENT TO REMOVAL

Pharmacia and Upjohn Company, acting through its attorneys, Elizabeth L. Ewert and Drinker Biddle & Reath LLP, hereby consents to the removal of the above captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

                       Respectfully submitted,

                       *Elizabeth L. Ewert*

                       Elizabeth L. Ewert (479368)
                       Drinker Biddle & Reath LLP
                       1500 K Street, N.W., Suite 1100
                       Washington, DC  2005-1208
                       202-842-8800
                       *Attorney for Pharmacia and Upjohn Company*

330530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER, et al.,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　　)　　Civil Action No. 1:04cv01994-RJL
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
ELI LILLY AND COMPANY, et al.,　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　)

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

1.　　　Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1 and 2 of the Complaint and therefore Dart denies those averments.

2.　　　In response to the averments contained in paragraph 3 of the Complaint, Dart admits that Rexall Drug Company sold and distributed the pharmaceutical product DES between 1949 and 1969, and manufactured DES between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has done business in the District of Columbia.  Except as specifically admitted, Dart denies the allegations contained in paragraph 3 of the Complaint.

3.      In response to the averments contained in paragraph 4 of the Complaint, Dart admits that Rexall Drug Company sold and distributed the pharmaceutical product DES between 1949 and 1969, and manufactured DES between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others.  Dart denies that it acted in concert with the other defendants or that it advertised DES.  Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 4 of the Complaint and therefore Dart denies those averments.

4.      Dart denies the averments contained in paragraph 5 of the Complaint.

5.      Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the Complaint and therefore Dart denies those averments

6.      In response to the averments contained in paragraph 7 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 6.

7.      Dart denies the averments contained in paragraphs 8, 9 and 10 of the Complaint.

8.      In response to the averments contained in paragraph 11 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 10.

9.      Dart denies the averments contained in paragraphs 12, 13 and 14 of the Complaint.

10.     In response to the averments contained in paragraph 15 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 14.

11.     Dart denies the averments contained in paragraphs 16, 17, 18 and 19 of the Complaint.

12.     In response to the averments contained in paragraph 20 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 19.

13.     Dart denies the averments contained in paragraphs 21, 22, 23 and 24 of the Complaint.

14.     In response to the averments contained in paragraph 25 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 24.

15.     In response to the averments contained in paragraph 26 of the Complaint, Dart specifically denies that its DES products caused plaintiff JoAnn Ella Tupper's injuries or Beau D'Andrea Tupper's injuries or demise and Dart is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 26 of the Complaint and therefore Dart denies those averments.

16.     Dart denies the averments contained in paragraphs 27 and 28 of the Complaint.

17.    In response to the averments contained in paragraph 29 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 28.

18.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of the Complaint and therefore Dart denies those averments.

19.    Dart denies the averments contained in paragraph 31 of the Complaint.

20.    In response to the averments contained in paragraph 32 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 31.

21.    Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of the Complaint and therefore Dart denies those averments.

22.    Dart denies the averments contained in paragraphs 34, 35, 36, 37 and 38 of the Complaint.

23.    In response to the averments contained in paragraph 39 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 38.

24.    Dart denies the averments contained in paragraphs 40 and 41 of the Complaint.

4

25.    In response to the averments contained in paragraph 42 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 41.

26.    In response to the averments contained in paragraph 43 of the Complaint, Dart is without knowledge or information sufficient to form a belief as to the truth of the averment that Ernest Tupper is the husband of JoAnn Ella Tupper and therefore Dart denies that averment.  Dart denies the remaining averments contained in paragraph 43 of the Complaint.

27.    Dart denies the averments contained in paragraph 44 of the Complaint.

28.    All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

## AS AND FOR AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

29.    Plaintiffs' alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

30.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

31.    If the causes of action asserted in plaintiffs' Complaint state claims upon which relief can be granted, plaintiffs have failed to join and include in this

action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

<div align="center">FOURTH AFFIRMATIVE DEFENSE</div>

32.    To the extent that plaintiffs assert claims of fraud, plaintiffs have failed to state a cause of action in that plaintiffs assert mere allegations and fail to state with particularity the circumstances constituting the wrong as required by Rule 9 of the Federal Rules of Civil Procedure.

<div align="center">FIFTH AFFIRMATIVE DEFENSE</div>

33.    Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the plaintiffs by this answering defendant at the time the mother of the plaintiff JoAnn Ella Tupper allegedly used the drug referred to in the Complaint or by the reason of the doctrine of en ventre sa mere and, therefore, plaintiffs have failed to state facts sufficient to state a claim upon which relief can be granted.

<div align="center">SIXTH AFFIRMATIVE DEFENSE</div>

34.    The plaintiffs have been unable to identify this defendant as the defendant causing the alleged injuries, and therefore have failed to state a cause of action against this defendant.

<div align="center">SEVENTH AFFIRMATIVE DEFENSE</div>

35.    Any damages, injuries or losses that may have been sustained by the plaintiffs, as alleged in the Complaint, were sustained only after Joan Wareing knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to

<div align="center">6</div>

herself and her offspring, plaintiff JoAnn Ella Tupper, and plaintiff JoAnn Ella Tupper knowingly and voluntarily assumed the risks inherent in conceiving.

## EIGHTH AFFIRMATIVE DEFENSE

36.    Upon information and belief, any injuries, losses or damages that the plaintiffs may have sustained were caused by the negligence of the plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

37.    Plaintiffs are barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff JoAnn Ella Tupper during her pregnancy with the plaintiff JoAnn Ella Tupper, the use of said drug was responsible for the birth of the plaintiff JoAnn Ella Tupper.

## TENTH AFFIRMATIVE DEFENSE

38.    If the plaintiffs sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

## ELEVENTH AFFIRMATIVE DEFENSE

39.    If in fact the mother of the plaintiff JoAnn Ella Tupper used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

7

## TWELFTH AFFIRMATIVE DEFENSE

40.     With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiffs and this defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

41.     With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

## FOURTEENTH AFFIRMATIVE DEFENSE

42.     The causes of action asserted herein by the plaintiffs, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

43.     The causes of action asserted by the plaintiffs herein, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking would contravene this defendant's constitutional rights under the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

44.     The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

45.     The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

46.     If in fact plaintiffs' Complaint were held to contain a cause of action upon which relief could be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiffs, or their agents, or persons other than this answering defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

47.     The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

48.    Plaintiffs' demand for punitive damages is barred by the following clauses to the United States Constitution: the due process clauses of the Fourteenth Amendment; the double jeopardy clause of the Fifth Amendment; and the ex post facto clause of Article 1, section 10.

<u>TWENTY FIRST AFFIRMATIVE DEFENSE</u>

49.    Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By: _____
        John F. Anderson
        DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER, et al.          *

      Plaintiffs          *          CIVIL ACTION NO.:
                                             04-CV-1994 (RJL)

v.          *

ELI LILLY & COMPANY, et al.          *

      Defendants          *

      *    *    *    *    *    *    *    *    *

## ANSWER TO COMPLAINT

      Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every Count thereof says:

## FIRST DEFENSE

      That the Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

      1.     As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations contained in this paragraph and demand strict proof thereof by the Plaintiffs.

      2.     As to Paragraph 2 of the Complaint, this Defendant admits that the Plaintiffs are bringing the causes of action in the capacities listed in this paragraph.

3.      As to Paragraph 3 of the Complaint, this Defendant admits that it is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States and it admits that it is doing business in the District of Columbia; however, this Defendant denies all further allegations contained in this paragraph.

4.      As to Paragraph 4 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and, therefore, can neither admit nor deny the allegations contained in this sentence and demand strict proof thereof by the Plaintiffs; as to the second sentence of Paragraph 4, this Defendant denies the allegations of this sentence as to it.

5.      As to Paragraph 5 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

6.      As to Paragraph 6 of the Complaint, this Defendant admits that the Plaintiffs are bringing the causes of action in the various capacities identified in this paragraph.

7.      As to Count I, Paragraph 7 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

8.      As to Count I, Paragraphs 8, 9 and 10 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9.     As to Count II, Paragraph 11 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 10 as fully as if they were repeated verbatim herein.

10.     As to Count II, Paragraphs 12, 13 and 14 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.     As to Count III, Paragraph 15 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 14 as fully as if they were repeated verbatim herein.

12.     As to Count III, Paragraphs 16, 17, 18 and 19 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

13.     As to Count IV, Paragraph 20 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 19 as fully as they were repeated verbatim herein.

14.     As to Count IV, Paragraphs 21, 22, 23 and 24 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

15.     As to Count V, Paragraph 25 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 24 as fully as if they were repeated verbatim herein.

16.     As to Count V, Paragraphs 26, 27 and 28 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

17.     As to Count VI, Paragraph 29 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 28 as fully as if they were repeated verbatim herein.

18.    As to Count VI, Paragraphs 30 and 31 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

19.    As to Count VII, Paragraph 32 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 31 as fully as if they were repeated verbatim herein.

20.    As to Count VII, Paragraphs 33, 34, 35, 36, 37 and 38 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

21.    As to Count VIII, Paragraph 39 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 38 as fully as if they were repeated verbatim herein.

22.    As to Count VIII, Paragraphs 40 and 41 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

23.    As to Count IX, Paragraph 42 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 41 as fully as if they were repeated verbatim herein.

24.    As to Count IX, Paragraph 43 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

25.    As to Count X, Paragraph 44 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

This Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

4

## SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

## THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

## FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiffs' recovery in this action.

## FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiffs recovery in this case.

## SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of

one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTIETH DEFENSE**

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

**TWENTY-FIRST DEFENSE**

Count X of the Complaint does not constitute a separate cause of action but is merely a request for a different type of damages and, therefore, Count X of the Complaint is a legal nullity.

**TWENTY-SECOND DEFENSE**

Count IX attempts to set forth a cause of action for loss of consortium; however, Plaintiffs are not entitled to recover damages for this cause of action because they were not husband and wife at the time that the acts complained of occurred.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

_____/S/_____
Sidney G. Leech      (D.C. Bar No. 359071)
Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
410-783-4000
*Attorneys for Defendant*
*Bristol-Myers Squibb Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of November 2004, a copy of Defendant Bristol-Myers Squibb Company's Answer to Complaint was sent by first class mail, postage-prepaid to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiffs*

Lawrence H. Martin, Esquire
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

James J. Dillon, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
*Attorneys for Eli Lilly and Company*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys for Dart Industries, Inc.*

Daniel W. Whitney, Esquire
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
*Attorneys for Glaxosmithkline, Inc.*

Aaron L. Handleman, Esquire
Eccleston & Wolf, PC
2001 S Street, NW, Suite 310
Washington, DC 20009
*Attorneys for Premo Pharmaceutical Laboratories, Inc.*

9

J. Paul Mullen, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, MD 21201
**_Attorneys for Lannett Company, Inc._**

Elizabeth L. Ewert, Esquire
Drinker, Biddle & Reath, LLP
1500 K Street, NW, Suite 1100
Washington, D.C. 20005-1208
**_Attorneys for Pharmacia & Upjohn Company_**

Frank L. Heard, III, Esquire
Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
**_Attorneys for Wyeth Pharmaceutical, Inc._**


                                        _____/S/_____
                                        Sidney G. Leech

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANN ELLA TUPPER, Individually and as Personal Representative of BEAU D'ANDREA TUPPER, deceased, and ERNEST TUPPER,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY, BRISTOL-MYERS SQUIBB COMPANY, PHARMACIA AND UPJOHN COMPANY, DART INDUSTRIES, INC., GLAXOSMITHKLINE, INC., PREMO PHARMACEUTICAL LABORATORIES, INC., LANETT COMPANY, INC., and WYETH PHARMACEUTICAL, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§      No. 1:04-cv-01994-RJL |

## CONSENT TO REMOVAL

Defendant Wyeth, acting through its attorneys, Lane Heard and Williams & Connolly LLP, hereby consents to the removal of the above-captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____

F. Lane Heard, III  (DC Bar No. 291724)

725 12th Street, N.W.
Washington, D.C.  20005
(202) 434-5000

*Attorneys for Defendant Wyeth*

Dated:  November 22, 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2004 a true copy of Wyeth's Consent to

Removal was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVIN & ASSOCIATES, P.A.
1320 19th Street, N.W.
Suite 500
Washington, D.C.  20036

    *Attorneys for Plaintiffs*

Aaron Handleman
ECCLESTON & WOLF, P.C.
2001 S Street, N.W.
Suite 310
Washington, D.C.  20009-1125

    *Attorneys for Premo Pharmaceutical*
    *Laboratories, Inc.*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN,
LLP
One South Street, Suite 2000
Baltimore, Maryland  21202

    *Attorneys for Bristol-Myers Squibb*
    *Company*

Daniel W. Whitney, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Ave., 12th Fl.
Towson, MD 21204

    *Attorneys for Glaxosmithkline*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209

    *Attorneys for Pharmacia and Upjohn*
    *Company*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia  22102

    *Attorneys for Dart Industries, Inc.*

J. Paul Mullen
LORD & WHIP, P.A.
36 South Charles Street
Baltimore, MD  21201

    *Attorneys for Lannett Company, Inc.*

James J. Dillon
FOLEY HOAG LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600

    *Attorneys for Eli Lilly Company*

F. Lane Heard, III

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER, Individually and as
Personal Representative of BEAU D'ANDREA
TUPPER, deceased, and ERNEST TUPPER,

       Plaintiffs,

     v.

ELI LILLY AND COMPANY, BRISTOL-MYERS
SQUIBB COMPANY, PHARMACIA AND
UPJOHN COMPANY, DART INDUSTRIES, INC.,
GLAXOSMITHKLINE, INC., PREMO
PHARMACEUTICAL LABORATORIES, INC.,
LANETT COMPANY, INC., and WYETH
PHARMACEUTICAL, INC.

       Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 1:04-cv-01994-RJL

## WYETH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wyeth[1] answers the Complaint of plaintiffs Joann Ella Tupper and Ernest

Tupper ("Complaint") as follows:  Wyeth denies each allegation in the Complaint except those

expressly admitted below.  Wyeth also states that, to the extent that allegations in the Complaint

refer generally to "defendants," Wyeth answers the allegations as to itself.  To the extent that

allegations in the Complaint refer to defendants other than Wyeth, Wyeth states that it lacks

knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the

allegations.

     1.      Paragraph 1 states a legal conclusion that requires no response.  Should a response

be required, Wyeth denies the allegation in paragraph 1 of the Complaint.

---

[1]    Wyeth is the corporate entity that has its principal place of business at 5 Giralda Farms,
Madison, NJ 07940, the address listed for the Wyeth defendant on plaintiffs' Complaint.

2.      Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies the allegations.

3.      Wyeth admits that, at times in the past, it manufactured diethylstilbestrol ("DES") and that it manufactures, markets, sells, promotes, and distributes certain other pharmaceuticals. Wyeth further admits that Ayerst, McKenna & Harrison, Ltd., a company later acquired by Wyeth, sought and obtained approval from the United States Food & Drug Administration for diethylstilbestrol ("DES"). Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiffs in the first sentence of paragraph 3 and, therefore, denies the allegations. Wyeth denies the remaining allegations in paragraph 3 of the Complaint, including any allegation that Wyeth manufactured the DES to which plaintiffs were exposed.

4.      Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 4 and, therefore, denies the allegations. Wyeth admits that, at times in the past, it manufactured, supplied, and sold diethylstilbestrol ("DES"). Wyeth denies the remaining allegations in paragraph 4 of the Complaint, including any allegation that Wyeth manufactured the DES to which plaintiffs were exposed.

5.      Wyeth denies the allegations in paragraph 5 of the Complaint.

6.      Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies the allegations.

## COUNT I
### (Negligence—JoAnn Ella Tupper)

7.      Wyeth incorporates and realleges the answers to the preceding allegations as if fully set forth herein.

8.      Wyeth denies the allegations in paragraph 8 of the Complaint.

9.      Wyeth denies the allegations in paragraph 9 of the Complaint.

10.    Wyeth denies the allegations in paragraph 10 of the Complaint.

## COUNT II
### (Strict Liability—JoAnn Ella Tupper)

11.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

12.    Wyeth denies the allegations in paragraph 12 of the Complaint.

13.    Wyeth denies the allegations in paragraph 13 of the Complaint.

14.    Wyeth denies the allegations in paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty—JoAnn Ella Tupper)

15.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

16.    Wyeth denies the allegations in paragraph 16 of the Complaint.

17.    Wyeth denies the allegations in paragraph 17 of the Complaint.

18.    Wyeth denies the allegations in paragraph 18 of the Complaint.

19.    Wyeth denies the allegations in paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation—JoAnn Ella Tupper)

20.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

21.    Wyeth denies the allegations in paragraph 21 of the Complaint.

22.    Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and, therefore, denies the allegations.

23.    Wyeth denies the allegations in paragraph 23 of the Complaint.

24.    Wyeth denies the allegations in paragraph 24 of the Complaint.

## COUNT V
**(Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)**

25.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

26.    Wyeth denies any allegation that Wyeth manufactured the DES to which Joan Wareing and plaintiffs were allegedly exposed and, therefore, denies that its DES products caused JoAnn Ella Tupper's injuries or Beau D'Andrea Tupper's injuries. Wyeth lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and, therefore, denies the allegations.

27.    Wyeth denies the allegations in paragraph 27 of the Complaint.

28.    Wyeth denies the allegations in paragraph 28 of the Complaint.

## COUNT VI
**(Negligence re: Estate of Beau D'Andrea Tupper, Survivorship)**

29.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

30.    Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, denies the allegations.

31.    Wyeth denies the allegations in paragraph 31 of the Complaint.

## COUNT VII
**(Strict Liability re: Estate of Beau D'Andrea Tupper, Wrongful Death)**

32.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

33.    Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and, therefore, denies the allegations.

34.    Wyeth denies the allegations in paragraph 34 of the Complaint.

4

35.    Wyeth denies the allegations in paragraph 35 of the Complaint.

36.    Wyeth denies the allegations in paragraph 36 of the Complaint.

37.    Wyeth denies the allegations in paragraph 37 of the Complaint.

38.    Wyeth denies the allegations in paragraph 38 of the Complaint.

## COUNT VIII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)

39.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

40.    Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, denies the allegations.

41.    Wyeth denies the allegations in paragraph 41 of the Complaint.

## COUNT IX
### (Loss of Consortium – Ernest Tupper)

42.    Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

43.    Wyeth lacks knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 43 and, therefore, denies the allegations.  Wyeth denies the remaining allegations in paragraph 43 of the Complaint.

## COUNT X
### (Punitive Damages—JoAnn Ella Tupper and Ernest Tupper)

44.    Wyeth denies the allegations in paragraph 44 of the Complaint.

Wyeth admits that plaintiffs seek the relief requested in the "WHEREFORE" paragraphs immediately following paragraph 44 of the Complaint, but denies that plaintiffs are entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiffs, Wyeth alleges as follows:

### First Affirmative Defense

The Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### Third Affirmative Defense

Both plaintiff JoAnn Ella Tupper and plaintiff JoAnn Ella Tupper's natural mother knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that plaintiffs seek to recover herein.

### Fourth Affirmative Defense

Plaintiffs' claims are barred because the injuries allegedly sustained by plaintiffs were not proximately caused by any act or omission of Wyeth.

### Fifth Affirmative Defense

Plaintiffs' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others, including, but not limited to, plaintiffs themselves.

### Sixth Affirmative Defense

If plaintiffs were injured by any product manufactured, sold, or distributed by Wyeth, those injuries occurred because the product was used for a purpose other than that for which it

6

was intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable to Wyeth.

## Seventh Affirmative Defense

Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Wyeth had no authority or control, including without limitation, misuse of diethylstilbestrol (the "subject product") by such third parties.

## Eighth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs were the result of pre-existing or subsequent conditions that are unrelated to use of the subject product.

## Ninth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.

## Tenth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs as a result of the subject product were caused by an idiosyncratic reaction to the subject product that was not reasonably foreseeable to Wyeth.

## Eleventh Affirmative Defense

Plaintiffs' claims are barred by reason of plaintiffs' failure to mitigate the alleged damages or losses.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and estoppel.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

### Fourteenth Affirmative Defense

Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the Complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

### Fifteenth Affirmative Defense

Wyeth avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

### Sixteenth Affirmative Defense

Wyeth affirmatively pleads the application of comment k of section 402A of the Restatement (Second) of Torts and section 6(c) of the Restatement (Third) of Torts: Product Liability and its limitations upon the doctrine of strict product liability for purported design defect.

### Seventeenth Affirmative Defense

Plaintiffs' claims based on Wyeth's alleged duty to warn are barred by the learned intermediary doctrine.

## Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the lack of a defect since the subject product was properly prepared in accordance with the applicable standard of care.

## Nineteenth Affirmative Defense

Plaintiffs' claims are barred because, based on the state of scientific, medical and technical knowledge at the time the subject product was marketed, the product was reasonably safe for its normal and foreseeable use at all times, it was not unreasonably dangerous or defective, and its benefits exceeded any associated risks.

## Twentieth Affirmative Defense

Plaintiffs' claims are barred because the methods, standards, and techniques utilized by Wyeth in manufacturing, distributing, marketing, or labeling the subject product and in issuing warnings and instructions with respect to its use, conformed with the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured and distributed.

## Twenty-First Affirmative Defense

Plaintiffs' claims predicated on state tort law and alleging that the subject product is unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

## Twenty-Second Affirmative Defense

The conduct of Wyeth, as well as the subject product, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of Wyeth alleged in the Complaint conformed with all state and federal statutes,

regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the Complaint.

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Wyeth's advertisements and labeling with respect to the subject product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Twenty-Fourth Affirmative Defense

To the extent plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Wyeth's rights under the United States Constitution.

### Twenty-Fifth Affirmative Defense

Plaintiffs are not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

### Twenty-Sixth Affirmative Defense

Should Wyeth be held liable to plaintiffs, which liability is specifically denied, Wyeth would be entitled to a set off for the total of all amounts paid to plaintiffs from all collateral sources.

### Twenty-Seventh Affirmative Defense

To the extent applicable, plaintiffs' purported breach of warranty claims are barred by a lack of privity between plaintiffs and Wyeth and because plaintiffs failed to provide Wyeth with reasonable or adequate notice of the alleged breach of any such purported warranties.

### Twenty-Eighth Affirmative Defense

If plaintiffs are unable to identify and prove the specific manufacturer of the alleged injury-causing product, they fail to state a claim upon which relief can be granted in that they

have asserted claims for relief which, if granted, would violate the public policy of the District of

Columbia and all other applicable states, and constitute a denial by this Court of Wyeth's federal

and state constitutional rights to due process of law, equal protection of the law, and to be free

from the imposition of state law liabilities that interfere with the federal regulation of

pharmaceutical products and the free flow of commerce between and among the states.

### Twenty-Ninth Affirmative Defense

If plaintiffs are unable to identify and prove the specific manufacturer of the alleged

injury-causing product, they lack standing to pursue this action.

### Thirtieth Affirmative Defense

If Wyeth is found liable to plaintiffs for any loss allegedly suffered by plaintiffs, such

liability shall not exceed Wyeth's equitable share determined in accordance with the relative

culpability of each person causing or contributing to the total liability for such non-economic

loss.

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred by contributory negligence, which was a direct and

proximate cause of plaintiffs' alleged conditions and which is a complete bar to plaintiffs'

recovery in this case.

### Thirty-Second Affirmative Defense

Venue is improper in this judicial district.

### Thirty-Third Affirmative Defense

Because of the lack of clear standards, the imposition of punitive damages against Wyeth

is unconstitutionally vague and/or overbroad.

## Thirty-Fourth Affirmative Defense

No act or omission of Wyeth was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

## Thirty-Fifth Affirmative Defense

Any claim for punitive damages is in contravention of Wyeth's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of the District of Columbia and all other applicable state constitutions and/or the law and public policies of the District of Columbia and all other applicable states, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a) imposition of punitive damages by a jury which

(1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Wyeth;

(4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

12

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Wyeth's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Wyeth to impermissible multiple punishment for the same alleged wrong.

Wyeth requests that plaintiff be denied the relief sought in the Complaint and that Wyeth be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper.  Wyeth reserves the right to supplement its answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its answer accordingly.

## Thirty-Sixth Affirmative Defense

Wyeth incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.


## DEMAND FOR JURY TRIAL

Wyeth requests a trial by jury for all claims so triable.

**WHEREFORE**, Wyeth prays for relief and judgment against plaintiffs as follows:

A.  That plaintiffs take nothing by reason of the Complaint;

B.  That this action be dismissed with prejudice;

C.  That Wyeth recovers its fees, costs and attorneys' fees incurred herein; and

D.  Such further and other relief as the Court deems proper.

Dated:  November 22, 2004.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
        F. Lane Heard, III (DC Bar No. 291724)

725 12th Street, N.W.
Washington, D.C.  20005
(202) 434-5000

*Attorneys for Defendant Wyeth*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2004 a true copy of Wyeth's Answer and Affirmative Defenses was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVIN & ASSOCIATES, P.A.
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Aaron Handleman
ECCLESTON & WOLF, P.C.
2001 S Street, N.W.
Suite 310
Washington, D.C. 20009-1125
*Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, Maryland 21202
*Attorneys for Bristol-Myers Squibb Company*

Daniel W. Whitney, Esq.
WHITNEY & BOGRIS, LLP
401 Washington Ave., 12th Fl.
Towson, MD 21204
*Attorneys for Glaxosmithkline*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
*Attorneys for Pharmacia and Upjohn Company*

J. Paul Mullen
LORD & WHIP, P.A.
36 South Charles Street
Baltimore, MD 21201
*Attorneys for Lannett Company, Inc.*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102
*Attorneys for Dart Industries, Inc.*

James J. Dillon
FOLEY HOAG LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
*Attorneys for Eli Lilly Company*

F. Lane Heard, III

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER,
Individually and as Personal Representative
of BEAU D'ANDREA TUPPER, deceased, and
ERNEST TUPPER

               Plaintiffs,

              v.

ELI LILLY AND COMPANY, et al.,

              Defendants.

Civil Action No. 1:04cv1994 (RJL)

### DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT

Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiff's complaint filed on October 8, 2004 (the "Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

1.    Denies the allegations in paragraph 1 of the Complaint and refers all questions of law to the Court.

2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint.

3.    Denies the allegations in paragraph 3 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form and states that Premo does not contest personal jurisdiction in this matter.

4.    Denies the allegations in paragraph 4 of the Complaint, except admits that at times in the past Premo manufactured and sold DES in dosage form.

5.    Denies the allegations in paragraph 5 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

## RESPONDING TO COUNT I

7.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

8.    Denies the allegations in paragraph 8 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses and refers all questions of law to the Court.

9.    Denies the allegations in paragraph 9 of the Complaint.

-2-

10.    Denies the allegations in paragraph 10 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses and refers all questions of law to the Court.

## RESPONDING TO COUNT II

11.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

12.    Denies the allegations in paragraph 12 of the Complaint and refers all questions of law to the Court.

13.    Denies the allegations in paragraph 13 of the Complaint.

14.    Denies the allegations in paragraph 14 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT III

15.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

16.    Denies the allegations in paragraph 16 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

-3-

17.    Denies the allegations in paragraph 17 of the Complaint.

18.    Denies the allegations in paragraph 18 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses and refers all questions of law to the Court.

19.    Denies the allegations in paragraph 19 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT IV

20.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

21.    Denies the allegations in paragraph 21 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

22.    Denies the allegations in paragraph 22 of the Complaint.

23.    Denies the allegations in paragraph 23 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

24.    Denies the allegations in paragraph 24 of the Complaint and refers all questions of law to the Court.

LIBNY/4357313.1

## RESPONDING TO COUNT V

25.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

26.    Denies the allegations in paragraph 26 of the Complaint.

27.    Denies the allegations in paragraph 27 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses and refers all questions of law to the Court.

28.    Denies the allegations in paragraph 28 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT VI

29.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

30.    Denies the allegations in paragraph 30 of the Complaint.

31.    Denies the allegations in paragraph 31 of the Complaint and refers all questions of law to the Court.

-5-

### RESPONDING TO COUNT VII

32.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

33.    Denies the allegations in paragraph 33 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

34.    Denies the allegations in paragraph 34 of the Complaint.

35.    Denies the allegations in paragraph 35 of the Complaint.

36.    Denies the allegations in paragraph 36 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

37.    Denies the allegations in paragraph 37 of the Complaint and refers all questions of law to the Court.

38.    Denies the allegations in paragraph 38 of the Complaint and refers all questions of law to the Court.

LIBNY/4357313.1

## RESPONDING TO COUNT VIII

39.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT IX

42.    Premo repeats and realleges the responses to the above allegations with the same force and effect as hereinafter fully set forth at length.

43.    Denies the allegations in paragraph 43 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 43 of the Complaint that "Plaintiff Ernest Tupper is the husband of JoAnn Ella Tupper."

## RESPONDING TO COUNT X

44.    Denies the allegations in paragraph 44 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses and refers all questions of law to the Court.

LIBNY/4357313.1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

## THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa mere*, and therefore, plaintiffs have failed to allege facts sufficient to state a cause of action upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have been unable to identify Premo as the person causing the alleged injuries, and therefore has failed to state a cause of action against Premo upon which relief may be granted.

-8-

## SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiffs as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

-9-

### TENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

### TWELFTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time and any applicable statutes of limitations apply.

-10-

## FOURTEENTH AFFIRMATIVE DEFENSE

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

-11-

## SIXTEENTH AFFIRMATIVE DEFENSE

In view of plaintiffs' failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiffs have asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If Premo is found liable to plaintiffs for any loss allegedly suffered by plaintiffs, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

With respect to all claims brought or purportedly brought by plaintiff's son, Premo owed no duty to said party, and any injuries allegedly suffered were not foreseeable.

-12-

## TWENTIETH AFFIRMATIVE DEFENSE

If plaintiffs sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to the fault, lack of care, negligence or any breach of duty by Premo.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

-13-

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case disproportionate to the actual damages incurred by plaintiffs, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiffs have failed to state facts sufficient to support a claim for punitive damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

-14-

WHEREFORE, Premo demands judgment dismissing the Complaint in all

respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and

for such other and further relief as to this Court may seem just and proper.


ECCLESTON AND WOLF


By: _____
    Aaron Handleman, Esq. (#48728)
    Justin Flint, Esq. (#27322)
    Eccleston and Wolf, P.C.
    2001 S Street, N.W.,
    Suite 310
    Washington, D.C. 20009
    Telephone:  (202) 857-1696
    Fax: (202) 857-0762
    Handleman@ewdc.com
    Flint@ewdc.com

Of Counsel:
Christopher Garvey, Esq.
Melanie H. Muhlstock, Esq.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, New York 10022
Telephone (212) 813-8800
Facsimile (212) 355-3333
Cgarvey@goodwinprocter.com
Mmuhlstock@goodwinprocter.com


-15-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____ day of November, 2004, a copy of the

foregoing Answer to Plaintiff's Complaint was filed and mailed, postage prepared, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
Steven J. Lewis, Esq.
Aaron M. Levine & Associates, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036
*Attorneys for Plaintiffs*

Daniel W. Whitney, Esq.
Janet Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, Md. 21204
*Attorneys for GlaxoSmithKline*

Lawrence H. Martin, Esquire
Foley, Hoag, LLP
1747 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006-4604

and

James J. Dillon, Esquire
John Granberry, Esquire
Foley, Hoag, LLP
155 Seaport Boulevard
World Trade Center West
Boston, Massachusetts 02210-2600
*Attorneys for Eli Lilly and Company*

-16-

Michael J. McManus, Esquire
Elizabeth Ewert, Esquire
Drinker, Biddle Realth, LLP
1500 K Street, NW, Suite 110
Washington, DC 20005-1209
*Attorneys for Defendant Pharmacia and Upjohn Co.*

John F. Anderson, Esquire
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102
*Attorneys fro Defendant Dart Industries, Inc.*

Sidney G. Leech, Esquire
Malcolm Brisker, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Bristol-Meyers Squibb Company*

Michael D. Jones, Esquire
Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W., Suite 1200
Washington, DC 20005
*Attorneys for Abbott Laboratories*

Roberta Koss, Esquire
Scott Christensen, Esquire
Hughes, Hubbard & Reed, LLP
1775 I Street, NW
Washington, DC 20006
*Attorneys for Mallinckrodt, Inc.*

David D. Hudgins, Esquire
Jodi V. Zagorin, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
*Attorneys for Person & Covey, Inc.*

Aaron Handleman, (#48728)

-17-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANN ELLA TUPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 04CV1994 (RJL) |
| | ) |
| ELI LILLY AND COMPANY, et al., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S PARTIAL CONSENT MOTION TO TRANSER
PURSUANT TO 28 U.S.C. §1404(a)**

COMES NOW the Plaintiff, by and through counsel and consented to by all defendants,

other than Defendants Bristol-Myers Squibb Company and Dart Industries, Inc., and moves, pursuant

to 28 U.S.C. §1404(a), that this Court transfer this action to the United States District Court for

the District of Massachusetts, in Boston, Massachusetts, and as grounds therefore states:

1.  This is a products liability/personal injury case for injuries sustained by the Plaintiff,

including, but not limited to, uterine abnormalities, as a result of her embryonic exposure to

diethylstilbestrol ("DES").

2.  All operative facts occurred in Massachusetts.  Plaintiff's mother was prescribed DES

in Massachusetts, purchased the DES in Massachusetts, Plaintiff was born in Massachusetts,

received medical treatment, and resides in Massachusetts.

3.  This case was originally filed in the Superior Court of the District of Columbia on

October 8, 2004, and subsequently removed by Defendants to this Court on November 15, 2004.

4.    28 U.S.C. §1404(a) provides that:

> For the convenience of the parties and witnesses,
> the interest of justice, a District Court may transfer

any civil action to any other district or division
where it might have been brought.

5.   The interests of justice would also best be served in this case by having this action

transferred to the United States District Court for the District of Massachusetts, as discovery

efforts, convenience and costs would be best served.  Furthermore, Massachusetts substantive

law applies to this case.

6.   Although District of Columbia procedural law applies to this cause,  Ferens v. John

Deere Co., 494 U.S. 516 (1990), a Massachusetts judge can apply District of Columbia law in

Massachusetts.

WHEREFORE, Plaintiff respectfully requests that this Court, in accordance with 28

U.S.C. §1404(a), enter an Order transferring, pursuant to 28 U.S.C. §1404(a) to the United States

District Court for the District of Massachusetts, at Boston, Massachusetts.

Respectfully submitted,


_Aaron M. Levine_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, DC  20036
Tel:  (202) 833-8040
Fax: (202) 833-8046

Counsel for Plaintiff

## <u>LOCAL RULE 7(m) CERTIFICATION</u>

Plaintiff gained consent of all parties to the foregoing Motion, other than Defendants Bristol-Myers Squibb Company and Dart Industries, Inc., who failed to respond to Plaintiff's request for consent of the foregoing Motion.

_/s/ Aaron M. Levine_____

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, DC  20036
Tel:  (202) 833-8040
Fax: (202) 833-8046

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER,                          )
                                            )
                    Plaintiff,              )
                                            )
          v.                                ) Civil Case No. 04CV1994 (RJL)
                                            )
ELI LILLY AND COMPANY, et al.,              )
                                            )
                    Defendant.              )

## STATEMENT OF POINTS AND AUTHORITIES

1.      28 U.S.C. 1404(a).

2.      The record herein.

                              Respectfully submitted,


                               _/s/ Aaron M. Levine_____
                              Aaron M. Levine, #7864
                              1320 19th Street, N.W., Suite 500
                              Washington, DC  20036
                              Tel:  (202) 833-8040
                              Fax: (202) 833-8046

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| JoANN ELLA TUPPER, | ) | |
| Individually | ) | |
| and as Personal Representative | ) | |
| of BEAU D' ANDREA TUPPER, | ) | |
| deceased, and ERNEST TUPPER, | ) | |
| | ) | |
| _Plaintiffs,_ | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-001994 |
| | ) | |
| ELI LILLY AND COMPANY, _et al.,_ | ) | |
| | ) | |
| _Defendants._ | ) | |

### DEFENDANT PHARMACIA & UPJOHN COMPANY'S ANSWER TO COMPLAINT

Defendant Pharmacia & Upjohn Company f/k/a The Upjohn Company ("Upjohn"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff JoAnn Ella Tupper, et al.'s Complaint as follows:

1.    Upjohn denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2.    Paragraph 2 contains legal assertions not requiring a response.

3.    Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration.  The allegation that Upjohn is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required.  The remainder of the allegations in Paragraph 3 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 3 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

4.      To the extent it is implied here, Upjohn denies that Plaintiff's mother ingested its

product.   Upjohn admits that its predecessor company at various times sold diethylstilbestrol

(DES), which was approved by the Food & Drug Administration.   Upjohn denies "acting in

concert" as alleged.   Upjohn is without knowledge or information sufficient to either admit or

deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

5.      Upjohn denies the allegations in Paragraph 5.

6.      Paragraph 6 contains legal assertions not requiring a response.

## COUNT I
### (Negligence – JoAnn Ella Tupper)

7.      Upjohn incorporates by reference its answers to the prior allegations.

8.      Upjohn denies the allegations in Paragraph 8.

9.      Upjohn denies the allegations in Paragraph 9.

10.     Upjohn denies the allegations in Paragraph 10.

## COUNT II
### (Strict Liability – JoAnn Ella Tupper)

11.     Upjohn incorporates by reference its answers to the prior allegations.

12.     Upjohn denies the allegations in Paragraph 12.

13.     Upjohn denies the allegations in Paragraph 13.

14.     Upjohn denies the allegations in Paragraph 14.

## COUNT III
### (Breach of Warranty)

15.    Upjohn incorporates by reference its answers to the prior allegations.

16.    Upjohn admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the Food & Drug Administration. The remainder of the allegations in Paragraph 16 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 16 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

17.    Upjohn denies the allegations in Paragraph 17.

18.    Upjohn denies the allegations in Paragraph 18.

19.    Upjohn denies the allegations in Paragraph 19.

## COUNT IV
### (Misrepresentation)

20.    Upjohn incorporates by reference its answers to the prior allegations.

21.    Upjohn denies the allegations in Paragraph 21.

22.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 22; therefore, those allegations are denied.

23.    Upjohn denies the allegations in Paragraph 23.

24.    Upjohn denies the allegations in Paragraph 24.

## COUNT V
### (Negligence – Estate of Beau D'Andrea Tupper, Wrongful Death)

25.    Upjohn incorporates by reference its answers to the prior allegations.

26.    Upjohn denies the allegations in Paragraph 26.

27.    Upjohn denies the allegations in Paragraph 27.

28.    Upjohn denies that "wrongful death" in the legal sense occurred; Upjohn is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 28; therefore, those allegations are denied.

## COUNT V
### (Negligence – Estate of Beau D'Andrea Tupper, Survivorship)

29.    Upjohn incorporates by reference its answers to the prior allegations.

30.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 30; therefore those allegations are denied.

31.    Upjohn denies being the cause of wrongful death.  Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 31; therefore those allegations are denied.

## COUNT VII
### (Strict Liability – Estate of Beau D'Andrea Tupper, Wrongful Death)

32.    Upjohn incorporates by reference its answers to the prior allegations.

33.    Upjohn denies the allegations in Paragraph 33.

34.    Upjohn denies the allegations in Paragraph 34.

35.    Upjohn denies the allegations in Paragraph 35.

36.    Upjohn denies the allegations in Paragraph 36.

37.    Upjohn denies the allegations in Paragraph 37.

38.    Upjohn denies the allegations in Paragraph 38.

## COUNT VIII
### (Strict Liability – Estate of Beau D'Andrea Tupper, Surviorship)

39.    Upjohn incorporates by reference its answers to the prior allegations.

40.    Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 40; therefore those allegations are denied.

41.    Upjohn denies being the cause of wrongful death.  Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 31; therefore those allegations are denied.

### COUNT IX
(Loss of Consortium – Ernest Tupper)

42.    Upjohn incorporates by reference its answers to the prior allegations.

43.    Upjohn denies the allegations in Paragraph 43.

### COUNT X
(Punitive Damages)

44.    Upjohn denies the allegations in Paragraph 44.

By way of further answer,  Upjohn denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

### FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery

against it would violate its rights under the United States Constitution and the Constitution(s) of the governing state(s), including its right to due process and equal protection.

### FIFTH AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiffs seek to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the Constitution(s) of the governing state(s).

### SIXTH AFFIRMATIVE DEFENSE

Upjohn states that venue is both improper and inconvenient in this judicial district.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the learned intermediary doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

### TENTH AFFIRMATIVE DEFENSE

Upjohn states that plaintiffs' breach of warranty claims must fail due to lack of privity and timely notice.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a

prescription medical product by the United States Food and Drug Administration ("FDA"), and has been tested, manufactured and labeled in accordance with federal standards and law.

<div align="center">TWELFTH AFFIRMATIVE DEFENSE</div>

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, or statutory compliance and plaintiff(s) or her natural mother, including contributory negligence, assumption of risk and/or misuse or abuse of such product.

<div align="center">THIRTEENTH AFFIRMATIVE DEFENSE</div>

If plaintiff(s) sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

<div align="center">FOURTEENTH AFFIRMATIVE DEFENSE</div>

If plaintiff(s) sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

<div align="center">FIFTEENTH AFFIRMATIVE DEFENSE</div>

If plaintiff(s) sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

<div align="center">SIXTEENTH AFFIRMATIVE DEFENSE</div>

If plaintiff(s) sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of plaintiff(s).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff(s) have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

## NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff(s) sustained injury or damage as alleged, they were exacerbated by plaintiff's failure to mitigate such injury or damage.

## TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in plaintiffs' Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: _Elizabeth Ewert_____

Michael L. McManus (#262832)
Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465

Dated: December , 2004

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Answer to Complaint was

sent, via first-class mail, postage prepaid, on this _6th_ day of December, 2004, to:

Aaron M. Levine, Esq.
Brandon J. Levine, Esq.
Renee L. Robinson-Meyer, Esq.
AARON M. LEVINE &
  ASSOCIATES, P.A.
1320 - 19th Street, N.W.
Suite 500
Washington, D.C. 20036
*Attorneys for Plaintiffs*

Lawrence H. Martin, Esq.
Foley Hoag, LLP
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
       and
James J. Dillon, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
*Attorneys for Eli Lilly and Company*

John F. Anderson, Esq.
Troutman Sanders, LLP
1660 International Drive, Suite 600
Tysons Corner
McLean, Virginia 22102
*Attorneys for Dart Industries, Inc.*

Daniel W. Whitney, Esq.
Whitney & Bogris, LLP
401 Washington Avenue, Twelfth Floor
Towson, Maryland 21204
*Attorneys for GlaxoSmithKline, Inc.*

Aaron L. Handleman, Esq.
Eccleston & Wolf, PC
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
*Attorneys for Premo Pharmaceutical
  Laboratories, Inc.*

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Attorneys for Bristol-Myers Squibb Co.*

Elizabeth Ewert
Elizabeth Ewert

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER, et al          *

     Plaintiffs                    *

v.                                *          04-CV-1994 (RJL)

ELI LILLY & COMPANY, et al        *

     Defendants                    *

*    *    *    *    *    *    *    *    *    *    *    *

## ANSWER TO COMPLAINT

     GlaxoSmithKline ("GSK"), sued herein as "GlaxoSmithKline, Inc., a successor to S.E. Massengill and Burroughs Wellcome," by its undersigned attorneys, states as follows in answer to Plaintiffs' Complaint:

### Preliminary Statement

     GSK states that to the extent that averments in the Complaint refer generally to "defendants," GSK answers these allegations as to itself.  GSK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than GSK.  GSK further denies all averments made in any heading of the Complaint.  As to the specific allegations of the Complaint, GSK states as follows:

     1.     Denied.  The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and therefore are deemed denied.

2.      Admitted.   GSK admits that the Plaintiffs are bringing this action in the capacities as stated in paragraph 2 of the Complaint.

3.      GSK admits that it has done and currently does business within the District of Columbia.  GSK denies the remaining averments of paragraph 3 of the Complaint.

4.      Denied. GSK denies the averments of paragraph 4 of the Complaint and specifically denies exposure to its product at issue.

5.      Denied.  GSK denies the averments of paragraph 5 of the Complaint.

6.      Admitted. GSK admits that the Plaintiffs are bringing this action in the capacities as stated in paragraph 6 of the Complaint.


## Count I
### (Negligence – JoAnn Ella Tupper)


7.      GSK reavers and restates its responses to the averments of paragraphs 1-6 of the Complaint, as if fully set forth herein.

8.      Denied.  GSK denies the averments in paragraph 8 of the Complaint as they relate to GSK.

9.      Denied.   GSK denies the averments set forth in paragraph 9 of the Complaint.

10.     Denied.   GSK denies the averments set forth in paragraph 10 of the Complaint.

**Count II**
**(Strict Liability – JoAnn Ella Tupper)**

11.    GSK reavers and restates its responses to the averments of paragraphs 1 – 10 of the Complaint, as if fully set forth herein.

12.    Denied.  GSK denies the averments set forth in paragraph 12 of the Complaint.

13.    Denied.  GSK denies the averments set forth in paragraph 13 of the Complaint.

14.    Denied.  GSK denies the averments set forth in paragraph 14 of the Complaint.

**Count III**
**(Breach of Warranty – JoAnn Ella Tupper)**

15.    GSK reavers and restates its responses to the averments of paragraphs 1-14 of the Complaint, as if fully set forth herein.

16.    Denied.  The averments set forth in paragraph 16 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

17.    Denied.  The averments set forth in paragraph 17 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

18.    Denied.  GSK denies the averments set forth in paragraph 18 of the Complaint.

19.    Denied.  GSK denies the averments set forth in paragraph 19 of the Complaint.

## Count IV
### (Misrepresentation – JoAnn Ella Tupper)

20.     GSK reavers and restates its responses to the averments of paragraphs 1-19 of the Complaint, as if fully set forth herein.

21.     Denied.   The averments set forth in paragraph 21 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

22.     Denied.   GSK denies the averments set forth in paragraph 22 of the Complaint.

23.     Denied.   GSK denies the averments set forth in paragraph 23 of the Complaint.

24.     Denied.   GSK denies the averments set forth in paragraph 24 of the Complaint.

## Count V
### (Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)

25.     GSK reavers and restates its responses to the paragraphs 1-24 of the Complaint, as if fully set forth herein.

26.     Denied.   GSK denies the averments set forth in paragraph 26 of the Complaint.

27.     Denied.   GSK denies the averments set forth in paragraph 27 of the Complaint.

28.     Denied.   GSK denies the averments set forth in paragraph 28 of the Complaint.

**Count VI**
**(Negligence:  Estate of Beau D'Andrea Tupper, Survivorship)**

29.     GSK reavers and restates its responses to the averments of paragraphs 1-28 of the Complaint, as if fully set forth herein.

30.     Denied.  The averments set forth in paragraph 30 of the Complaint are legal conclusions to which no responsive pleading is required, and are therefore deemed denied.

31.     Denied.  GSK denies the averments set forth in paragraph 31 of the Complaint.


**COUNT VII**
**(Strict Liability re:  Estate of Beau D'Andrea Tupper, Wrongful Death)**

32.     GSK reavers and restates its responses to the averments of paragraphs 1-31, as if fully set forth herein.

33.     Denied.  GSK denies the averments set forth in paragraph 33 of the Complaint.

34.     Denied.  GSK denies the averments set forth in paragraph 34 of the Complaint.

35.     Denied.  GSK denies the averments set forth in paragraph 35 of the Complaint.

36.     Denied.  GSK denies the averments set forth in paragraph 36 of the Complaint.

37.     Denied.   GSK denies the averments set forth in paragraph 37 of the Complaint.

38.     Denied.   GSK denies the averments set forth in paragraph 38 of the Complaint.

## COUNT VIII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)

39.     GSK reavers and restates its responses to the averments of paragraphs 1-38, as if fully set forth herein.

40.     Denied.  The averments set forth in paragraph 40 of the Complaint are legal conclusions to which no responsive pleading is required, and are therefore deemed denied.

41.     Denied.   GSK denies the averments set forth in paragraph 41 of the Complaint.

## COUNT IX
### (Loss of Consortium – Ernest Tupper)

42.     GSK reavers and restates its responses to the averments of paragraphs 1-41, as if fully set forth herein.

43.     Denied.  GSK is without knowledge or information to form a belief as to the averments of the first sentence of paragraph 43 of the Complaint and therefore denies the same.  GSK denies the remaining averments of paragraph 43.

## COUNT X
### (Punitive Damages – JoAnn Ella Tupper and Ernest Tupper)

44.    Denied.   GSK denies the averments set forth in paragraph 44 of the Complaint.

In response to the unnumbered paragraphs following paragraph 44 of the Complaint, GSK states that these paragraphs are demands for relief to which GSK responds that plaintiffs are not entitled to any relief, including the relief requested therein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.    Plaintiffs' claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2.    GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

### THIRD DEFENSE

3.    GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4.    GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

## FIFTH DEFENSE

5.    The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

## SIXTH DEFENSE

6.    GSK states that the female plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiffs' recovery in this case.

## SEVENTH DEFENSE

7.    If plaintiffs are unable to identify and prove the specific manufacturer of the alleged injury-causing product, they fail to state a claim upon which relief can be granted in that they have asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and the Commonwealth of Massachusetts, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

## EIGHTH DEFENSE

8.    Because plaintiffs are unable to identify and prove the specific manufacturer of the alleged injury-causing product, they lack standing to pursue this action.

## NINTH DEFENSE

9.    GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of GSK.

## TENTH DEFENSE

10.    GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto.    Accordingly, plaintiffs' claims,

predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

## ELEVENTH DEFENSE

11.     GSK states that plaintiffs' claims may be barred by contributory negligence, which was a direct and proximate cause of the female plaintiff's alleged conditions, which is a complete bar to plaintiffs' recovery in this case.

## TWELFTH DEFENSE

12.     Plaintiffs have failed to join all necessary parties.

## THIRTEENTH DEFENSE

13.     If plaintiffs sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

## FOURTEENTH DEFENSE

14.     If plaintiffs sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

## FIFTEENTH DEFENSE

15.     If plaintiffs sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

## SIXTEENTH DEFENSE

16.     GSK states that plaintiffs failed to give notice of the alleged defects within the time limitations imposed by law.

## SEVENTENTH DEFENSE

17.     Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an

idiosyncratic reaction on the part of the female plaintiff's natural mother and/or plaintiffs to the drug.

## EIGHTEENTH DEFENSE

18.    If DES manufactured by GSK was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures.  In particular, as to DES manufactured by Burroughs Wellcome Company ("BW"), BW never indicated, labeled, marketed or sought regulatory approval for use of its product during pregnancy.  Accordingly, the DES was abused, misused and applied for purposes other than those, which were indicated or intended by GSK, which is a complete bar to plaintiffs' recovery in this case.

## NINETEENTH DEFENSE

19.    At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

## TWENTIETH DEFENSE

20.    Some or all of the plaintiffs' claims are barred by collateral estoppel and res judicata.

## TWENTY-FIRST DEFENSE

21.    If plaintiffs sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question.  Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiffs are barred from recovery.

**TWENTY-SECOND DEFENSE**

22.    At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

**TWENTY-THIRD DEFENSE**

23.    Venue is improper in this Court.

**TWENTY-FOURTH DEFENSE**

24.    GSK states that the demand for punitive damages and the imposition thereof would violate GSK's rights and privileges under the United States Constitution, including but not limited to, GSK's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution, and GSK's right to protection from excessive fines under the Eighth Amendment to the United States Constitution.

**TWENTY-FIFTH DEFENSE**

25.    Punitive damages are not recoverable for the causes of action set forth in the Complaint or, in the alternative, the allegations of each cause of action are legally insufficient to support a claim for punitive damages.

**TWENTY-SIXTH DEFENSE**

26.    GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

**WHEREFORE**, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiffs' Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

_____/s/  Janet K Coleman_____
Daniel W. Whitney (Bar No.: 438668)
Janet K. Coleman (MD06658)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for GLAXOSMITHKLINE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOANN ELLA TUPPER,
individually and as personal representative of
BEAU D'ANDREA TUPPER, deceased, and
ERNEST TUPPER,
39 Roberts Road
Ashland, MA 01721,

                Plaintiffs,

      v.

ELI LILLY AND COMPANY, *et al.*
Lilly Corporate Center
Indianapolis, IN 46285,

                Defendants.

CIVIL ACTION No. 1:04-CV-01994 (RJL)

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the

Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but

expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed

to the allegations of the Complaint.

1.  Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal

question to which no response is required.  To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

2.  Lilly is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 2 of the Complaint.  To the extent a response is required,

however, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3 of the Complaint. Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 3 of the Complaint.

4. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 4 of the Complaint. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Further answering, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol in Massachusetts. Except as already stated, Lilly denies the allegations of Paragraph 4 of the Complaint.

5. Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. Except as already stated, Lilly denies the allegations of Paragraph 6 of the Complaint.

## COUNT I
### (Negligence - JoAnn Ella Tupper)

7. Lilly repeats and realleges its answers contained in Paragraphs 1 through 6 above.

8.  Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.  Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

## COUNT II
### (Strict Liability - JoAnn Ella Tupper)

11. Lilly repeats and realleges its answers contained in Paragraphs 1 through 10 above.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT III
### (Breach of Warranty - JoAnn Ella Tupper)

15. Lilly repeats and realleges its answers contained in Paragraphs 1 through 14 above.

16. In response to the allegations contained in Paragraph 16 of the Complaint, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.  Except as already stated, Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT IV
### (Misrepresentation - JoAnn Ella Tupper)

20. Lilly repeats and realleges its answers contained in Paragraphs 1 through 19 above.

21. In response to the allegations contained in Paragraph 21 of the Complaint, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly

manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V
**(Negligence re: Estate of Beau D'Andrea Tupper, Wrongful Death)**

25. Lilly repeats and realleges its answers contained in Paragraphs 1 through 24 above.

26. Lilly admits that DES is a synthetic estrogen and states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Further answering, Lilly states that it is without knowledge or information sufficient to form a belief as to whether minor Plaintiff's grandmother ingested DES, whether minor Plaintiff was born at 23 weeks gestation, and whether minor Plaintiff was born prior to full maturity of his lungs, brain, and body. Except as already stated, Lilly denies the allegations contained in Paragraph 26 of the Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

## COUNT VI
**(Negligence re: Estate of Beau D'Andrea Tupper, Survivorship)**

29. Lilly repeats and realleges its answers contained in Paragraphs 1 through 28 above.

30. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

### COUNT VII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Wrongful Death)

32. Lilly repeats and realleges its answers contained in Paragraphs 1 through 31 above.

33. Lilly admits the existence prior to 1967 of medical articles suggesting that DES, like all estrogens, could cross the placenta.  Except as already stated, Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint.

37. Lilly denies the allegations contained in Paragraph 37 of the Complaint.

38. Lilly denies the allegations contained in Paragraph 38 of the Complaint.

### COUNT VIII
### (Strict Liability re: Estate of Beau D'Andrea Tupper, Survivorship)

39. Lilly repeats and realleges its answers contained in Paragraphs 1 through 38 above.

40. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 40 of the Complaint.

41. Lilly denies the allegations contained in Paragraph 41 of the Complaint.

### COUNT IX
### (Loss of Consortium - Ernest Tupper)

42. Lilly repeats and realleges its answers contained in Paragraphs 1 through 41 above.

43. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 43 of the Complaint.

## COUNT X
### (Punitive Damages - JoAnn Ella Tupper and Ernest Tupper)

44. Lilly denies the allegations contained in Paragraph 44 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

### SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

### SEVENTH DEFENSE

Venue is improper in this judicial district.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**NINTH DEFENSE**

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defense.

**DEMAND FOR JURY TRIAL**

The answering defendant requests a trial by jury.

ELI LILLY AND COMPANY
By its attorneys:


/s/ James J. Dillon
James J. Dillon, D.C. Bar # 485593
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated:  December 13, 2004

## CERTIFICATE OF SERVICE

I, Ashley A. Weaver, certify that a true copy of Eli Lilly and Company's Answer to the Complaint was served on December 13, 2004 by U.S. First Class Mail, postage prepaid to:

Aaron M. Levine
Aaron M. Levine and Associates
1320 19th Street, NW, Suite 500
Washington, D.C., 20036
**Attorneys for the Plaintiffs**

Sydney G. Leech, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202
**Attorneys for Bristol-Myers Squibb Company**

Elizabeth Ewert, Esq.
Drinker Biddle & Reath
1500 K Street, N.W., Suite 1100
Washington, DC 20005-1209
**Attorneys for Pharmacia and Upjohn Company**

John Anderson, Esq.
Troutman Sanders LLP
1660 International Drive
Suite 600, Tysons Center
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Janet Coleman, Esq.
Whitney & Bogris LLP
401 Washington Avenue
Towson, MD 21204
**Attorneys for GlaxoSmithKline**

Justin Flint, Esq.
Eccleston and Wolf, P.C.
2001 S Street, N.W., Suite 310
Washington, D.C. 20009
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Melanie H. Muhlstock, Esq.
Goodwin Proctor LLP
599 Lexington Avenue
New York, New York 10022
**Of Counsel for Premo Pharmaceutical Laboratories Inc.**

Kathleen M. Bustraan, Esq.
Lord & Whip, P.A.
Charles Center South
36 South Charles Street, 10th Floor
Baltimore, MD 21201
**Attorneys for Defendant Lannett Company, Inc.**

Gregory D. Winfree, Esq.
Wyeth Pharmarcueticals
500 Arcola Road
North Dock, RC-1
Collegeville, PA 19426
**Attorney for Wyeth Pharmaceuticals**

Willis Sautter, Esq.
Williams & Commolly LLP
725 12th Street, N.W.
Washington, DC 20005
**Attorneys for Wyeth Pharmaceuticals**


/s/ Ashley A. Weaver
Ashley A. Weaver