## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANN ELLA TUPPER, Individually and as Personal Representative of BEAU D'ANDREA TUPPER, deceased, and ERNEST TUPPER, <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, et al., <br><br> Defendants. | Civil Action No.: 1:05-cv-10240 (RWZ) <br> Next Event: Scheduling Conference on <br> March 30, 2005 at 2:00 p.m. |

## JOINT RULE 16.1 REPORT

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and defendants conferred up to and including March 23, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiffs consent to having the case assigned to a magistrate judge. Defendants do not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Marianne B. Bowler for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) disclosures. The parties also agree that if plaintiffs request an extension of time to respond to defendants' discovery requests, plaintiffs shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in their possession (or the possession of their attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all

-3-

known medical providers who have treated plaintiff JoAnn Tupper and/or her mother; (d) the identity and, if known, the address and telephone number of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiffs and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendants agree that, within a week of the time that defendants obtain any medical records (other than medical records received directly from plaintiffs), defendants shall send a copy of all such medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES:    The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the deposition of the Plaintiffs, plaintiff JoAnn Tupper's mother and father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

June 28, 2005:    Deadline for serving discovery requests.

July 28, 2005:    Deadline for plaintiffs to designate experts and provide expert reports pursuant to Rule 26(a)(2).

August 29, 2005:    Deadline for defendants to designate experts and provide expert reports

-4-

pursuant to Rule 26(a)(2).

October 28, 2005:     All Discovery Closed. The parties agree that experts may be deposed

until the closed of discovery.

November 28, 2005:   Deadline for filing Dispositive Motions.

January 2006:        Pre-Trial Conference.

The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for

deposition.  Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule

26(a)(2), except that the parties agree to dispense with  the requirement of Rule 26(a)(2)(B) of a list

of cases in which the witness has testified as an expert at trial or by deposition within the preceding

four years.   However, the parties may inquire into the topic of prior cases at the time of the

deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES:     Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial

of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place

30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in January 2006.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.     Plaintiffs':

This is a products liability/personal injury case arising from Plaintiff JoAnn Tupper's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendants in 1967 to Ms. Tupper's mother for the purpose of preventing miscarriage.

Plaintiff JoAnn Tupper claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations and resultant poor pregnancy outcomes, including the pre-term birth and ultimate demise at 22 weeks of plaintiff Beau D'Andrea Tuppper, deceased, and infertility with concomitant expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendants are liable for said injuries based on negligence, strict liability, breach of warranty, and

misrepresentation.

Plaintiff Ernest Tupper claims for loss of consortium.

B.    Defendant's:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the plaintiffs under any of the plaintiffs' causes of action. Lilly believes that the Plaintiffs' evidence is insufficient to meet their burden of persuasion that plaintiff JoAnn Tupper was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the plaintiffs complain, and that Lilly breached any duties owed to the plaintiffs, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Bristol-Myers Squibb Company ("Squibb") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, this Defendant believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of proof that plaintiff JoAnn Tupper was exposed in utero to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiffs complain, or that this Defendant breached any duties owed to the Plaintiffs, breached any warranties or made any material misrepresentations. This Defendant has also asserted several affirmative defenses including that the Plaintiffs' claims may be barred by the applicable statute of limitations or by laches, and by the learned intermediary doctrine.

Defendant Pharmacia &  Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While

discovery has not yet commenced, this Defendant believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff JoAnn Tupper was exposed to DES in the first place, that any such DES was manufactured or produced by this Defendant, that any such DES caused the injuries of which the Plaintiffs complain, and that this Defendant breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. This Defendant has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, successor in interest to S.E. Massengill Co. ("GSK") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, GSK believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff JoAnn Tupper was exposed to DES in the first place, that any such DES was manufactured or produced by GSK, that any such DES caused the injuries of which the Plaintiffs complain, and that GSK breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. GSK has also asserted several affirmative defenses including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Premo believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff JoAnn Tupper was exposed to DES in the

-8-

first place, that any such DES was manufactured or produced by Premo, that any such DES caused the injuries of which the Plaintiffs complain, and that Premo breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Premo has also asserted several affirmative defenses, including, that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Lannett Company, Inc. ("Lannett") generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Lannett believes that the Plaintiffs will be unable to come forward with evidence sufficient to demonstrate that Plaintiff JoAnn Tupper was exposed to DES in the first place, that any such DES was manufactured or produced by Lannett, that any such DES caused the injuries of which the Plaintiffs complain, that Lannett breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Lannett also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

Defendant Wyeth generally denies that it is liable to the Plaintiffs under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Wyeth believes that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of persuasion that plaintiff JoAnn Tupper was exposed in utero to DES in the first place, that any such DES was manufactured or produced byt Wyeth, that any such DES caused the injuries of which the Plaintiffs complain, and that Wyeth breached any duties owed to the Plaintiffs, breached any warranties, or made any material misrepresentations. Wyeth has also asserted several affirmative defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned

intermediary doctrine.

CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3):

Plaintiff's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 2.

Defendant Eli Lilly and Company's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 3.

Defendant Upjohn's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 4.

Defendant Premo's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 5.

Defendant Wyeth's certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 6.

Defendants Glaxo, Lannett and Squibb's certifications pursuant to Local Rule 16.1(D) will be filed prior to the Scheduling Conference.

Respectfully submitted,

KENNETH M. LEVINE & ASSOCIATES          FOLEY HOAG LLP


  /s/ Sheila Mone                            /s/ Brian L. Henninger
SHEILA MONE, BBO#634615                 JAMES J. DILLON, BBO#124660
370 Washington Street                   BRIAN L. HENNINGER, BBO#657926
Brookline, MA   02445                   155 Seaport Boulevard
617-566-2700                            Boston, MA   02210-2600
                                        617-832-1000
and
                                        Attorneys for Eli Lilly and Company

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W.
Suite 500
Washington, DC   20036
202-833-8040

Attorneys for Plaintiffs

LAREDO & SMITH, LLP


 /s/ Marc C. Laredo (by permission-rm)
MARC C. LAREDO, BBO#543973
LISA COONEY, BBO# 636631
15 Broad Street, Suite 600
Boston, MA   02109
617-367-7984

Attorneys for Defendant Pharmacia &
      Upjohn Company


CURLEY & CURLEY P.C.



  /s/ Robert A. Curley, Jr.(by permission-rm)
ROBERT A. CURLEY, JR., BBO#109180
27 School Street
Boston, MA   02108
617-523-2990

Attorneys for Defendant SmithKline Beecham
      Corporation d/b/a GlaxoSmithKline


GOODWIN PROCTER LLP



 /s/ Jodi B. Buske (by permission-rm)
JODI M. BUSKE, BBO# 657990
Exchange Place
Boston, MA   02109-2881
617-570-1000

Attorneys for Defendant Premo Pharmaceutical
      Laboratories, Inc.

MORRISON, MAHONEY & MILLER, LLP


 /s/ Gareth W. Notis (by permission-rm)
GARETH W. NOTIS, BBO#637814
250 Summer Street
Boston, MA   02210
617-439-7500

Attorneys for Defendant Lannett Company, Inc.

BINGHAM MCCUTCHEN LLP


 /s/ Mary M. Murrane (by permission-rm)
MARY M. MURRANE, BBO#644448
150 Federal Street
Boston, MA   02110
617-951-8000

Attorneys for Defendant Wyeth


DAY, BERRY & HOWARD, LLP


 /s/ David B. Broughel (by permission-rm)
DAVID B. BROUGHEL, BBO#059455
260 Franklin Street
Boston, MA   02110
617-345-4627

Attorneys for Defendant Bristol-Myers Squibb
        Company


Dated: March 23, 2005

-12-

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOANN ELLA TUPPER, Individually        ]
and as Personal Representative of       ]
BEAU D'ANDREA TUPPER, deceased,         ]
and ERNEST TUPPER,                      ]
                                        ]
        Plaintiffs,                     ]
                                        ]
    v.                                  ]        Civil Action No.: 1:05-cv-10240 (RWZ)
                                        ]        Next Event: Scheduling Conference on
ELI LILLY AND COMPANY, et al.,          ]              March 30, 2005 at 2:00 p.m.
                                        ]
        Defendants.                     ]

[PROPOSED] SCHEDULING ORDER

The parties propose the following schedule:

June 28, 2005:        Deadline for serving discovery requests.

July 28, 2005:        Deadline for plaintiffs to designate experts and provide expert reports

pursuant to Rule 26(a)(2).

August 29, 2005:      Deadline for defendants to designate experts and provide expert reports

pursuant to Rule 26(a)(2).

October 28, 2005:     All Discovery Closed. The parties agree that experts may be deposed

until the closed of discovery.

November 28, 2005:    Deadline for filing Dispositive Motions.

January 2006:         Pre-Trial Conference.


DATED: _____          _____
                                         RYA W. ZOBEL
                                         United States District Judge

Respectfully submitted,

KENNETH M. LEVINE & ASSOCIATES            FOLEY HOAG LLP


  /s/ Sheila Mone                                    /s/ Brian L. Henninger
SHEILA MONE, BBO#634615                      JAMES J. DILLON, BBO#124660
370 Washington Street                             BRIAN L. HENNINGER, BBO#657926
Brookline, MA   02445                            155 Seaport Boulevard
617-566-2700                                       Boston, MA   02210-2600
                                                   617-832-1000
and
                                                   Attorneys for Eli Lilly and Company

Aaron M. Levine                                    LAREDO & SMITH, LLP
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W.
Suite 500                                           /s/ Marc C. Laredo (by permission-rm)
Washington, DC   20036                           MARC C. LAREDO, BBO#543973
202-833-8040                                       LISA COONEY, BBO# 636631
                                                   15 Broad Street, Suite 600
                                                   Boston, MA   02109
Attorneys for Plaintiffs                           617-367-7984

                                                   Attorneys for Defendant Pharmacia &
                                                        Upjohn Company

                                                   CURLEY & CURLEY P.C.


                                                    /s/ Robert A. Curley, Jr.(by permission-rm)
                                                   ROBERT A. CURLEY, JR., BBO#109180
                                                   27 School Street
                                                   Boston, MA   02108
                                                   617-523-2990

                                                   Attorneys for Defendant SmithKline Beecham
                                                        Corporation d/b/a GlaxoSmithKline

GOODWIN PROCTER LLP


 /s/ Jodi B. Buske (by permission-rm)
JODI M. BUSKE, BBO# 657990
Exchange Place
Boston, MA   02109-2881
617-570-1000

Attorneys for Defendant Premo Pharmaceutical
        Laboratories, Inc.

MORRISON, MAHONEY & MILLER, LLP


 /s/ Gareth W. Notis (by permission-rm)
GARETH W. NOTIS, BBO#637814
250 Summer Street
Boston, MA   02210
617-439-7500

Attorneys for Defendant Lannett Company, Inc.

BINGHAM MCCUTCHEN LLP


 /s/ Mary M. Murrane (by permission-rm)
MARY M. MURRANE, BBO#644448
150 Federal Street
Boston, MA   02110
617-951-8000

Attorneys for Defendant Wyeth

DAY, BERRY & HOWARD, LLP


 /s/ David B. Broughel (by permission-rm)
DAVID B. BROUGHEL, BBO#059455
260 Franklin Street
Boston, MA   02110
617-345-4627

Dated: March 23, 2005                    Attorneys for Defendant Bristol-Myers Squibb
                                                            Company

### IN THE UNITED STATE DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANN ELLA TUPPER, Individually <br> and as Personal Representative of <br> BEAU D'ANREA TUPPER, deceased, <br> and ERNEST TUPPER, <br><br>       Plaintiffs, <br><br>    v. <br><br> ELI LILLY AND COMPANY, et al., <br><br>      Defendants. | ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ]     Civil Action No.: 1:05-cv-10240 (RWZ) <br> ]     Next Event: Scheduling Conference on <br> ]          March 30, 2005 at 2:00 p.m. <br> ] <br> ] |

### <u>LOCAL RULE 16.1(D) STATEMENT</u>

PLEASE TAKE NOTICE THAT the undersigned parties to this action, and their Counsel,

hereby certify, pursuant to Local Rule 16.1 (D)(3) of the Local Rules of the United States District

Court for the District of Massachusetts that:

    a.     they have conferred with a view to establishing a budget for the costs of conducting
        the full course, and various alternative courses, of this litigation; and

    b.     they have conferred to consider the resolution of this litigation through the use of
        alternative dispute resolution programs such as those outlined in Local Rule 16.4.


                                        Plaintiffs
                                        By their Attorneys,


_____
JOANN ELLA TUPPER, Individually
and as Personal Representative of the
Estate of BEAU D'ANDREA TUPPER,
deceased.

_____
ERNEST TUPPER

                                     _____
                                     SHEILA MONE, BBO#634615
                                     Kenneth M. Levine & Associates
                                     370 Washington Street
                                     Brookline, MA  02446
                                     617-566-2700

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOANN ELLA TUPPER, *et al.*,

Plaintiffs,

v.

ELI LILLY AND COMPANY, *et al.*,

Defendants.

CIVIL ACTION No. 1:05-CV-10240 (RWZ)

## DEFENDANT ELI LILLY AND COMPANY'S
## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendant Eli Lilly and Company and its attorneys hereby certify that they have conferred with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—for the above-captioned litigation and have conferred to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

ELI LILLY AND COMPANY,

By its attorneys:

By:

James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600

Michael Harrington
Associate General Counsel
ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285

Dated: __March 23__ , 2005

Dated: __3/22/__ , 2005

B3005737.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOANN ELLA TUPPER; | ) | |
| ERNEST TUPPER | ) | |
|       Plaintiffs | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | 1:05-cv-10240-RWZ |
| v. | ) | |
| | ) | |
| ELI LILLY AND COMPANY, *et al.,* | ) | |
|       Defendants. | ) | |

## DEFENDANT PHARMACIA & UPJOHN COMPANY'S
## L.R. 16.1 (D)(3) CERTIFICATION

Pursuant to Local Rule 16.1 (D)(3) of the United States District Court for the

District of Massachusetts, Defendant Pharmacia & Upjohn Company LLC *formerly*

*known as* The Upjohn Company certifies that it has conferred with counsel:

      (a)      with a view to establishing a budget for the costs of conducting the full

course - and various alternative courses -- of the litigation; and

      (b)      to consider the resolution of this litigation through the use of alternative

dispute resolution programs such as those outlined in L.R. 16.4.

PHARMACIA & UPJOHN COMPANY LLC    PHARMACIA & UPJOHN COMPANY LLC


_____
Malini Moorthy, Esq.

By their attorneys,

_____
Marc C. Laredo, BBO#543973   3/22/05
Lisa Cooney, BBO#636631
Laredo & Smith, LLP
15 Broad Street, Suite 600
Boston, MA 02109
(617)367-7984 (telephone)
(617)367-6475 (facsimile)

Dated: March 21, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOANN ELLA AND
ERNEST TUPPER, et al.,

      Plaintiff,

    v.

ELI LILLY AND COMPANY, ET AL.,

      Defendants.

Civil Action No.05-CV-10240-(GAO)

### Local Rule 16.1(D)(3) Certification

    Counsel for Premo Pharmaceutical Laboratories certifies that she has conferred with her client with a view to establishing a budget for the costs of conducting full course – and various alternative courses – of litigation and to consider the use of alternative dispute resolution programs.

Jodi B. Buske

Dated: March 17, 2005

LIBA/1515543.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOANN ELLA TUPPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ELI LILLY AND COMPANY, BRISTOL-MYERS ) | CIVIL ACTION |
| SQUIBB COMPANY, PHARMACIA AND UPJOHN ) | NO. 1:05-CV-10240-GAO |
| COMPANY, DART INDUSTRIES, INC., ) | |
| GLAXOSMITHKLINE, INC., PREMO ) | |
| PHARMACEUTICAL LABORATORIES, INC., ) | |
| LANNETT COMPANY, INC. and WYETH ) | |
| PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendant Wyeth (sued herein as "Wyeth Pharmaceuticals, Inc.") certifies as follows:

Wyeth has conferred with its outside counsel with a view towards establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation and to consider the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4 (such as the use of a mini-trial, a summary jury trial, or mediation).

**WYETH,**

**WYETH,**

By its attorneys,

 /s/ Howard M. Cyr
Howard M. Cyr, III, Esq.
Senior Corporate Counsel
**WYETH**
500 Arcola Road
North Dock, RC-1
Collegeville, PA 19426
(484) 865-8648

 /s/ Mary B. Murrane
Janice W. Howe, BBO #242190
Paul M. Robertson, BBO #562421
Mary B. Murrane, BBO #644448
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110
(617) 951-8000

DATED: March 22, 2005